## Case No. 14,843.

### UNITED STATES v. CONANT.

[Cited in U. S. v. Bettilini. Case No. 14,587. Nowhere reported; opinion not now accessible.]

---

## Case No. 14,844.

### UNITED STATES v. CONANT.

[9 Reporter, 36; [1] 9 Cent. Law J. 129; 2 Nat. Bank. Cas. (Browne) 148.]

Circuit Court, D. Massachusetts. May Term, 1879.

EMBEZZLEMENT—WHAT CONSTITUTES—INDICTMENT —MATTERS OF FORM—DESCRIPTION OF CRIME.

1. The word "embezzle," in Rev. St. U. S., is used to describe a crime which a person has an opportunity to commit by reason of some office or employment, and which is some breach of confidence or trust.

2. Rev. St § 1025, provides: "No indictment . . . . shall be deemed insufficient . . . . in matter of form only." Held, that anything that form a part of the description of the crime is not a matter of form.

Indictment under Rev. St. § 5209, relative to embezzlement by national bank officers, clerks, etc. On motion to quash an indictment.

LOWELL, District Judge. [2] [These indictments are drawn under section 5209 of the Revised Statutes: "Every president, director, cashier, teller, clerk or agent of any association" (that is, national banking associations, which are mentioned in this chapter), "who embezzles, abstracts, or willfully misapplies any of the moneys, funds or credits of the association, or who, without authority from the directors, issues or puts in circulation any of the notes of the association, or who, without such authority, issues or

---

1 [Reprinted by permission.]
2 [From 2 Nat. Bank. Cas. (Browne) 148.]

puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, assigns any note, bond, draft, bill of exchange, mortgage, judgment or decree; or who makes any false entry in any book, report or statement of the association, with intent in either case to injure or defraud the association or any other company, body politic or corporate, or any individual person, or to deceive any officer of the association, or any agent appointed to examine the affairs of any such association; and any person who, with like intent, aids or abets any officer, clerk or agent, in any violation of this section, shall be deemed guilty of a misdemeanor."

[The principal points that have been taken appear to be objections to the mode in which the indictments charge this crime. That may be subdivided, and there are two principal objections: One is that the facts to show an embezzlement, as distinct from some other crime—for instance, larceny—are not sufficiently set out in the indictment, and has been very fully and ably argued from what may be called the foundation. The leading idea of the argument is that the word "embezzle," by its own force, describes something which was known to the common law, and now by statute, like the words "murder" and "steal;" and that the sense in which the word "embezzle" is already well known in our laws must give the interpretation to the word in this statute. That is a very important point, and I have given it such attention and consideration as I might. I have come to the conclusion that there was no common-law definition of embezzlement when our constitution was formed. There was a very ancient statute, which was in force in some of the states and not in others—that of Henry VIII.—at least it has been decided not to be in others, though I should have supposed it was in all; but I must take the decisions, of course. But if there was any such statute, which by reason of having been passed as early as Henry VIII. was in force here, it does not define the word "embezzlement" in this statute.] [2]

There was no common law definition of the word "embezzlement," there never has been, and there is not now. Some elements of the crime are probably common to the statutes, and also to the familiar meaning of the word: that is to say, the word appears to mean, whenever used to distinguish a crime which a person has the opportunity to commit, by reason of some office or employment, which may include, in its signification, some breach of confidence or trust, some misuse of an opportunity of that sort. That is about all, I think, that can be found of a general nature in the meaning of the word. I do think, however, that there is one mode of comparison,—one source of comparison,—and that is by the various statutes which make up the

body of the Revised Statutes, all passed on a certain day of 1874, and all forming one body of law. Examining the word "embezzle," as used in these various statutes, which are all contained in this very large volume now, I think it will be found that the only general idea which runs through the whole use of the word "embezzle" generally, is the one that I have stated.

[2] [The crew of any merchant vessel may commit the crime of embezzlement in regard to the cargo or stores of the vessel. That cargo and those stores are not in their possession, and not intrusted to them in any technical sense. They are not in law in the possession of a seaman. He has an opportunity, being a member of the crew, to steal them. Undoubtedly it would be larceny at common law, but it would be embezzlement by the statute, if he took them fraudulently to convert to his own or some improper use. Any person who receives public money from any agent of the United States—some agents being designated by a particular name, and also a general word being used—without authority, not being a duly authorized depositary, commits the crime of embezzlement in receiving that money. He becomes a sort of agent, and cannot say he was not an agent, and is guilty of embezzlement, for the statute says: "Every banker, broker or other person not an authorized depository of public moneys, who knowingly receives from any disbursing officer, * * * any public money on deposit, or by way of loan, * * * is guilty of an act of embezzlement." There are many other statutes. The word, as used in the post-office laws, applies only to agents, clerks, etc., of the United States. But if I remember rightly—I have not looked at all the statutes, but I have a very strong impression, for I have tried a good many of the cases— it does not depend upon the letter being intrusted to the particular officer or clerk or agent, under the circumstances which would constitute embezzlement under many of the statutes. Any officer of the mint or assay office may embezzle coins, medals or moneys in his charge, or of which he assumes charge, or any other moneys, medals or coins in his office.

[It is very apparent, I think, from an examination of these various statutes, which were re-enacted on the same day, and which before that time formed a body of law enacted at various times, that the word is not used generally in the statutes. I do not know that it is at all in the United States in so sharp and technical a sense as it has been construed to be under some statutes, and of course the definition of the crime must be followed by the courts. There is no definition of it here or in any of the statutes of the United States, but the word is used in such a way as to show the meaning which I have mentioned, and therefore I think, though I do not find it

necessary to decide, that it will not be found, when the point comes to be decided, that in those cases those rules that have been laid down in some courts—and the courts have differed as the statutes have—those sharp lines would be found to be drawn about the word "embezzle" in the statutes of the United States. But I do think—and this is a point of law, not pleading—I do think that the intent here governs the whole fraud. It is not a perfectly clear point. In the only case that is cited on either side, the pleader averred that the acts had been done with intent, as I gather from the report. There are several counts. In one, for instance, an embezzlement with intent was charged. In the next, abstracting with intent. In the next, willful misapplying with intent. It was conceded, therefore, in that case by the prosecuting attorney representing the government, that the intent governed the whole cause. The court carefully say that they do not decide that point, evidently seeing ambiguity and doubt which had not been argued to them, and therefore, perhaps, having quite as much weight as if it had been argued, as showing how a person reading the statute would say there was a doubt on this point. But when taken with the original statute, in which there are no semi-colons, and if it is taken with the remainder of the section—"Every person who with like intent aids or abets any officer, clerk or agent in any violation of this section"—I think the better opinion is—and of course we must decide the doubtful points as well as the clear ones—that that governs the whole section. There are reasons for it, also, as was said by the counsel in argument.] [2]

A person may wilfully misapply money without doing any wrong in fact, and without intent of any. For instance, he may pay Mr. "A." instead of Mr. "B.," both being honest creditors. It is a misapplication, and it might injure or not the employer. "Abstracts;" that is rather a tender word. That might possibly be held to be committed without wilful intent, and even without actual injury. That is a matter that is a good deal discussed in the case of U. S. v. Taintor [Case No. 16,-428], assuming that the intent is necessary. The meaning and importance of the intent is a good deal discussed on the supposition that it is a part of the statute. The word "embezzlement" of itself would hardly seem to require any such qualification, because I think that would carry in any sense.—I mean in any sense in which it could be used,—would carry with it some intent. But when we look back to one of the statutes I have cited, it will be seen that the mere receiving of public money is embezzlement. There is embezzlement without intent, and without injury, in fact. So that as to the meaning of the word "embezzle"—taking, as I do take, the meaning of that word from the statutes of the

United States themselves, it might be necessary (in the opinion of congress, I mean, for I have nothing to do with that) to say that that crime could not be committed without the positive intent to "injure," or "deceive," or "defraud," for all three words are used, and at any rate, as to the two words "abstract" and "misapply," there is an obvious reason for it.

[2] [I think I can see why the semi-colons were put in, and that is to meet another argument made that the words "such authority" govern the whole sentence. It is very clear they do not. This section is carefully parted off by the semi-colons, and by the sense also. "Every president, director, cashier, teller, clerk or agent of any association, who embezzles, abstracts, or willfully misapplies any of the moneys, funds, or credits of the association;" "or who, without authority from the directors, issues or puts in circulation any of the notes of the association;" and that must be done with intent to defraud, or injure or deceive; and then, repeating the words "without such authority," and it is repeated because they meant to repeat it. "Or who without such authority issues, or puts forth any certificate of deposit, draws any order or bill of exchange, mortgage, judgment or decree." Now, in the next clause of the sentence they omit the words "without authority," so that it is perfectly clear, I think, from the statute, that whenever they meant to say "without authority," they do say so, and when they do not say so they do not mean so to do. They put these words in twice, and leave them out of all the others, and they part off the sentence carefully with semi-colons so as to show to what portions of it these words are intended to refer, and that is the reason why the semi-colons were put in. I have consulted Judge NELSON about it, and he agrees with me. That being so, I think that the only counts which are sufficient, are those for making false entries.] [2]

To be sure the statute says (section 1025): "No indictment * * * shall be deemed insufficient * * * in matter of form only." That "only" is important. It must be a "matter of form," and in construing that in this circuit we have been very liberal. I have no sympathy with the extreme technicality of the ancient criminal law,—do not like it, and do not believe in it. At the same time, I have to administer it as I find it, and anything which forms a part of the description of the crime does not seem to me to be a matter of form. In this particular case it might turn out to be a matter of very little importance. Undoubtedly, the intent might often be presumed from the fact; but when congress sees fit to make the intent part of crime, I do not think the courts have any right to say it is a mere matter of form. So far as "misapplying" and "abstracting" are concerned, that is a very important part of the sub-

stance. I do not think that this statute means that we should find out what is an important point of the substance, but only an important point of form. I do not mean to say that the matter of substance may not be very loosely stated, and if the substance of the offense is loosely stated—badly stated—imperfectly and ungrammatically stated, still, if the meaning is clear, that is a matter of form; but it is not a matter of form to state the substance of the crime.

Indictment quashed.