## MEATH *v.* BOARD OF MISSISSIPPI LEVEE COMMIS-
## SIONERS.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI.

Argued November 8th, 1883.—Decided November 19th, 1883.

*Limitations—Mississippi Statutes—Practice.*

1. When the court below finds generally for a defendant, and also makes special findings on the issues, no error can be assigned on the special findings.

2. The subject of the action in this suit being an instrument under seal, and the cause having accrued in the State of Mississippi on the 1st day of April, 1871, the action is subject to the provisions of the code of the State of Mississippi of 1857 so far as it affects the limitation of the action.

3. When it appeared in a suit prosecuted in the State of Mississippi that the plaintiff at the time when the action was begun had no legal title to the matter which was the subject of the suit, but acquired his interest therein subsequently to the commencement of the suit, and judgment was rendered accordingly, that was not a judgment on "a matter of form" in the sense in which that expression is used in § 2163 of the Mississippi Code of 1871 ; but one which may be pleaded in answer to another suit brought for the same cause of action.

Action upon a sealed instrument.

The plaintiff in error, Patrick G. Meath, who was the plaintiff below, brought this suit, on December 21st, 1878, against the Board of Mississippi Levee Commissioners. It was founded on a contract in writing, under seal, between Meath and the defendants, dated April 13th, 1869, by which Meath covenanted to construct certain levees in the State of Mississippi on or before April 1st, 1871, and the defendants covenanted to pay him a specified price per cubic yard in coupon bonds of the board of levee commissioners maturing on January 1st, 1876.

The declaration averred that the plaintiff expended large sums of money in the purchase of tools, etc., for the performance of said work, and while he was actually engaged therein, and with ample means to accomplish it, the defendants, on January 10th, 1870, without any fault or negligence of plaintiff, ordered and coerced him to desist from work on said levees

until further orders from them; that he was ready, able, and willing to go on with the work, and remained awaiting the orders of the defendants until April 1st, 1871, and was prevented from resuming the work by the wrongful acts of the defendants.

The declaration further averred that " on March 26th, 1877, plaintiff brought his suit in the Circuit Court of the United States for the Southern District of Mississippi on said contract, and the same was tried on or about April 5th, 1878, and was defeated for matter of form, in this, to wit, because though it appeared in the evidence that one Thomas Boyle had purchased, for the sole use and benefit of plaintiff, the said claim under said covenant against defendants, at a sale thereof made by plaintiff's assignee in bankruptcy, the formal assignment made by him to plaintiff had not in fact been executed and delivered until after the bringing of said action, though antedated to conform to the fact, and, therefore, that the said action should have been brought in the name of the said Boyle, for plaintiff's use."

The plaintiff claimed in the present action the sum of $70,000 as due him for work done and accepted under said contract, and a large sum for damages, because he was not permitted to complete the work.

The defendant filed eight pleas, but as the judgment of the court below was based exclusively on the sixth and seventh pleas, the others need not be noticed. The sixth plea averred that " the several supposed causes of action in said declaration mentioned, if any such there were or still are, did not, nor did any or either of them, accrue to the said plaintiff at any time within seven years next preceding the commencement of this suit."

The seventh plea set out the facts in regard to such former suit, begun March 26th, 1877, referred to in the declaration, denied that it was decided against the plaintiff for matter of form only, and averred that it was so decided on matter of substance; and concluded by averring that " the present action was not brought within seven years after the cause of action accrued," and was, therefore, barred by the statute.

The plaintiff demurred to these pleas, and his demurrer was overruled. Thereupon he filed his replication taking issue.

The parties waived a jury and submitted the issues of fact to the court by the following agreement:

"In this cause a jury is waived, and it is agreed to submit the cause to the court in lieu of a jury, to be decided on the law and the evidence, and separate findings thereof to be rendered by the court, so that the decision may be finally reviewed by the Supreme Court of the United States. The court having, in the decision of the questions arising upon the demurrers to sixth and seventh pleas filed, expressed the opinion that the pending of the former suit could not be availed of to prevent the bar of the statute of limitations, and that this action is barred by limitation, it is agreed that the sole question shall be presented upon the pleadings and proof, and that only such evidence as in the judgment of the court bears upon that issue shall be incorporated in its findings and presented to the Supreme Court of the United States; and that the record for said court shall consist of the pleadings and exhibits, the orders of the court, the findings of fact and law in the cause, and this agreement. And it is further agreed that should the supreme court differ in opinion with and reverse the circuit court, the cause shall be remanded for trial on its merits on all the other questions in the case."

The cause was tried under this agreement and the court made both a general and special finding of facts. The general finding was as follows:

"The court having heard the evidence upon the sixth and seventh pleas of the defendant, and replications thereto, &c., finds said issues in favor of defendants, and that said plaintiff's right of action when this suit was brought was barred by the statute of limitations."

The court found, by its special findings, as follows: the plaintiff's cause of action accrued in this case on April 1st, 1871, and, what the record also showed, this action was brought December 21st, 1878; on March 26th, 1877, the plaintiff brought an action against the defendant on the contract set out in and

exhibited with the declaration in this cause; the defendant pleaded a transfer of all interest in said contract to an assignee in bankruptcy under the bankrupt law; to said plea the plaintiff replied that his assignee in bankruptcy had sold the said contract to one Boyle, who purchased it for the plaintiff, and assigned it to him some time in January, 1877; issue was joined on this replication; this issue was submitted to the court for trial; on the trial it was shown that the assignment by Boyle to Meath was made on January 28th, 1878; on this state of facts the court found that the plaintiff did not have the legal title to the claim sued on when the action was commenced; and judgment therein was rendered in that suit for the defendants.

Upon the general and special findings, the court found, as matter of law, that this action was barred by the limitation of seven years, and rendered judgment for the defendants. To this conclusion of law the plaintiff excepted, and sued out the present writ of error.

*Mr. James Lowndes,* for the defendants in error.

MR. JUSTICE WOODS delivered the opinion of the court.

It is insisted, by the plaintiff in error, that the special findings of the court are fatally defective, because they do not find the contract by which the suit was brought or fix the date when the cause of action accrued, and that for this reason the judgment of the circuit court should be reversed. We might dismiss this assignment of error on the ground that there was a general finding for the defendants on all the issues of fact, and that no error can be assigned on such a finding. *Tioga Railroad* v. *Blossburg and Corning Railroad,* 20 Wall. 137. But the special findings also fix specifically the date when the plaintiff's right of action accrued, to wit, on the first day of April, 1871. In considering the sufficiency of the special findings the stipulation between counsel, for submitting the cause to the court, must be kept in mind. The only questions which, by this agreement, were to be submitted to the court were the issues raised by the replication to the sixth and seventh pleas,

being pleas of the statute of limitations.   The contract and breaches, as set out in the declaration, were, for the purpose of this trial, taken for granted; they were confessed by the pleas, and, as a matter of avoidance, the statute of limitations was set up.   The court by its general and special findings, has declared, as a conclusion of fact, that the matters set up in the pleas of the statute of limitations were proven.   We think the findings pass upon every issue submitted to the court, and that they are not imperfect or defective.

The limitation law of Mississippi applicable to this case was as follows:

"ART. 6. All actions of debt or covenant founded upon any bond, obligation or contract, under seal or upon the award of arbitrators, shall be commenced within seven years next after the cause of such action accrued, and not after."

The Revised Code of Mississippi of 1871 failed to provide any limitation for causes of action under seal which arose after October 1st, 1871, the date fixed by section 2938, when that code should take effect, but did contain the following provision:

"SEC. 2172. The several periods of limitation prescribed by this chapter shall commence from the date when it shall take effect, but the same shall not apply to any action commenced nor to any cases where the right of action or of entry shall have accrued before that time, but the same shall be subject to the laws now in force; but this law may be pleaded in any case where a bar has accrued under the provisions thereof."

It will appear from these provisions of the statute law that the absence of any limitation of actions upon contracts under seal, between October 1st, 1870, and April 19th, 1873, can have no effect upon the controversy in this case.  When the cause of action in this case arose, as found by the court, to wit, on April 1st, 1871, article 6, page 400, of the Code of 1857, above quoted, barring actions on sealed instruments in seven years, was in force, and this limitation was expressly continued by the Revised Code of 1871.

The case of *Furlong* v. *The State,* 58 Miss. 717, relied on by counsel for plaintiff in error, can have no application to the case, for in that suit the cause of action accrued after the Code of 1871 had taken effect. Nothing was decided in that case which has any bearing on this.

Therefore, upon the facts specially found, namely, that the cause of action in this case accrued on April 1st, 1871, and that this suit was not brought until December 21st, 1878, it is apparent that the sixth plea of defendant is sustained, unless this case is saved by the averment in the declaration that the suit was brought within a year after a former suit for the same cause of action had been defeated for matter of form.

It is, therefore, to be considered whether, upon the special findings, the plaintiff is entitled to the saving clause of section 2163 of the Code of 1871, which is as follows:

"If, in any action duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated by the death or marriage of any party thereto, or for any matter of form,  .  .  .  .  the plaintiff may commence a new action for the same cause at any time within one year after the abatement or other determination of the original suit."

The findings show that on March 26th, 1877, an action, in all respects similar to this, was brought, on the same contract sued on in this case, by the plaintiff in error against the same defendants, and that, upon the trial of that suit the court found that the plaintiff did not have the legal title to the claim sued on when the said action was commenced, and judgment was accordingly rendered in favor of the defendant and against the plaintiff.

Upon these findings the circuit court was of opinion in this case that the former action was not defeated for any matter of form, and therefore that the plaintiff's cause did not fall within the exception of section 2173 of the Code of 1871, and was barred by the limitation of seven years applicable to contracts under seal.

We are of opinion that the facts thus specially found sustain the judgment of the circuit court in this case. The Supreme

Court of Mississippi, in the case of *M. & C. R. R. Co.* v. *Orr*, 43 Miss. 279, has construed the phrase "for matter of form" in section 2163, and declared that it "relates to technical defects in the form of the action, or pleadings, or proof, or to variances between the one and the other."

This case it is evident does not fall within this rule. The action brought by plaintiff on March 26th, 1877, was defeated because it appeared from the proof that when it was brought the plaintiff had no cause of action. The issue was deliberately and squarely presented by the pleadings in that former suit whether at the time of its commencement the right of action was in the plaintiff. The defendants averred it to be in the plaintiff's assignee in bankruptcy. The plaintiff replied that the contract on which his action was based had been bought at the assignee's sale and assigned to Thomas Boyle, who, before the commencement of the action, to wit, in January, 1877, had assigned and transferred it to him. On this the defendant took issue, and on that issue the cause was tried.

Upon the trial it turned out that the assignment by Boyle to the plaintiff was not made until January 28th, 1878, more than ten months after the action was brought, and the finding and judgment on the issue submitted was against the plaintiff and for the defendant.

Upon this state of facts we think the former suit was defeated, not for any matter of form, but for matter of substance. The plaintiff failed in his action because the legal title to the contract on which he brought his suit was in another, because the evidence did not sustain the issue upon which he had staked his cause. The present case, therefore, does not fall within the exception prescribed by section 2137 of the Code of Mississippi of 1871, and is barred by the limitation of seven years prescribed by the Code of 1851, applicable to contracts under seal.

*The judgment of the circuit court must be affirmed.*