FRANKLIN C. SMITH V. THE BOARD OF COMMISSIONERS
OF BOURBON COUNTY.

1. CLAIM — No Assignment — No Privity — No Recovery. Where A is in-
debted to B, and B is indebted to C and promises to pay C when he
obtains his money from A, and C has no legal or equitable assign-
ment of B's claim against A and no judgment against B, and there
is no privity between C and A, C cannot recover from A the debt
due from A to B.

2. RAILROAD COMPANY — Claim against County for Bonds — Action by
Third Party, not Maintained. Where a railroad company has a
claim against a county for the recovery of bonds upon a subscrip-
tion to its capital stock, a creditor of the company, who is a stranger
to the county and has no legal or equitable assignment of the claim
of the railroad company, cannot maintain an action against the
county to recover the bonds in payment of its claim against the
railroad company prior to the rendition of a judgment against the
company, and such a creditor is not entitled to maintain such an
action against the county, although he joins as a defendant in the
action the railroad company, which is indebted to him.

3. COUNTY BONDS, Action for, Barred — Third Party — No Cause of Ac-
tion. On the 13th of October, 1870, the board of county commis-
sioners of Bourbon county subscribed for $150,000 of the capital
stock of the Fort Scott & Allen County Railroad Company, of which
the Fort Scott, Humboldt & Western Railroad Company is the suc-
cessor. Upon the completion of the road-bed of the railroad com-
pany from Fort Scott to the western line of Bourbon county on or
before the 1st day of July, 1872, the bonds of the county were to be
issued to the railroad company in payment of the subscription. On
the 6th day of June, 1871, S. entered into a written contract with the
railroad company to grade and complete the road-bed in Bourbon
county, and in payment thereof was to receive from the railroad
company $125,000 of the bonds of that county. S. had no contract
with the county; his contract being a personal one with the railroad
company. S. performed his contract with the railroad company
prior to June 30, 1872, and was entitled to payment from the rail-
road company under the terms of the contract. After the road-bed
was completed, in June, 1872, the railroad company demanded of
Bourbon county the bonds in payment of its subscription. The
county refused to issue or deliver the bonds, and soon after burned
them. Held, As the railroad company completed its contract with
Bourbon county on or before June 30, 1872, and had demanded the
bonds on that date, its cause of action then accrued, and under the
statute of limitations its action for the bonds or the recovery of the

same was barred in five years. *Held further*, That so long as S. had no legal or equitable assignment of the bonds of the county from the railroad company, and so long as there was no privity between him and the county, he had no right or cause of action against the county for the bonds. *Held also*, That until S. had obtained a judgment against the railroad company, or a legal or equitable assignment of its claim for the bonds, he could not maintain any action against the county for the bonds, and joining the railroad company as defendant in such an action gave him no additional right or cause of action against the county.

4. ACTION—*Interest in Subject-Matter, Obtained Too Late to Prevent Bar.* Where a plaintiff has no right or cause of action against a defendant, and no claim, title or interest in the subject-matter stated in his petition, and brings his action in a court that has no jurisdiction of the defendant, and when he is in all respects a stranger to the defendant, the pendency of such an action will not entitle him to the saving provisions of ₰23 of the civil code, although after the dismissal of his action he obtains such an interest in the subject-matter of the prior action as would entitle him to maintain an action thereon but for the statute of limitations.

## *Original Proceeding in Mandamus.*

THE material facts are stated in the opinion, filed on April 4, 1890.

*H. E. Long*, for plaintiff.

*Ware, Biddle & Cory*, and *Hulett & Fletcher*, for defendant.

The opinion of the court was delivered by

HORTON, C. J.: After the motion to quash the alternative writ issued in this case was sustained, at the July term for 1889, the plaintiff, with leave of the court, filed two amendments to the writ. To the writ as amended the defendants have filed another motion to quash.

We shall refer to the statute of limitations only, as we think that disposes of the case. The writ as demanded recites that the plaintiff completed the road-bed in accordance with the terms of his contract prior to the 30th day of June, 1872; that on or about June 30, 1872, he became the owner of and entitled to receive the bonds referred to; that on the 30th day of June, 1872, the Fort Scott & Allen County Railroad Com-

pany, of which the Fort Scott, Humboldt & Western Railroad Company is the successor, demanded of the board of county commissioners of Bourbon county the bonds voted on August 24, 1869; that on the next day, July 1, the board declined to issue and deliver the bonds; and that on the 12th day of August, 1873, the board destroyed and burned the bonds, which had been partially prepared for delivery.

The plaintiff attempts to avoid the five-years statute of limitations by alleging that he commenced two suits in the United States circuit court for the district of Kansas to recover the bonds. One suit was commenced in 1874, against the Fort Scott, Humboldt & Western Railroad Company, Bourbon county, and the commissioners of that county. The prayer of the bill was that the Fort Scott, Humboldt & Western Railroad Company be decreed to assign its claim for the bonds of Bourbon county to the plaintiff, and that the board of county commissioners of that county be decreed to issue them to him. A demurrer was sustained to the bill. An appeal was taken to the supreme court of the United States, and at the October term of the court for 1878, the ruling of the United States circuit court was affirmed. The United States supreme court, speaking through Mr. Justice Swayne, said:

"There is no privity between the county of Bourbon and the complainant. There has been no assignment, legal or equitable, to him by the railroad company of its claim against the county. If there had been an assignment, the circuit court could not have taken jurisdiction of the case, because the assigner, if there had been no assignment, could not have maintained a suit upon the thing assigned in that form. Rev. Stat., 109; *Sere v. Pitot*, 6 Cranch, 332." (*Smith v. Railroad Co.*, 99 U. S. 398.)

This opinion was filed in March, 1879.

On the 5th of December, 1879, the plaintiff recovered a judgment against the Fort Scott, Humboldt & Western Railroad Company in the circuit court of the United States for the district of Kansas, for $267,113.19 besides costs, on which judgment an execution was issued and returned unsatisfied,

the corporation being insolvent. On the 28th of January, 1880, and within one year after the judgment of the United States supreme court of March, 1879, was rendered, affirming that the United States circuit court for the district of Kansas had no jurisdiction of the first suit, the plaintiff filed another bill in the circuit court of the United States for the district of Kansas, against the Fort Scott, Humboldt & Western Railroad Company and Bourbon county. The remedies sought were, that the company should be ordered to assign to the plaintiff its claim against Bourbon county and a decree against the county ordering it to issue the bonds, and to deliver them to the plaintiff, to be credited upon his judgment at their face value. This bill was also dismissed by the court. The plaintiff appealed to the supreme court of the United States from the ruling of the United States circuit court, and at the October term of the court for 1887, that court rendered the judgment that, "so far as the bill sought the relief prayed for against Bourbon county and its commissioners, the circuit court was without jurisdiction." (*Smith v. Bourbon Co.*, 127 U. S. 105.)

This opinion was filed in May, 1888. After the opinion was filed, the bill of plaintiff, in the United States circuit court for the district of Kansas, was dismissed against Bourbon county and the commissioners of that county, for want of jurisdiction; but the circuit court entertained the bill as against the railroad company for the assignment of its right to the issue of the bonds of Bourbon county. On the 5th day of December, 1888, the United States circuit court rendered judgment that the right to have issued to the railroad company $125,000 of the county bonds of Bourbon county be assigned to the plaintiff, with the power to bring an action in his name or in the name of the railroad company for his benefit against Bourbon county, and the commissioners of that county, to obtain the issue and delivery of the bonds. The action in this court was brought December 31, 1888, within one year after the rendition of the judgment of the supreme court of the United States, of May, 1888. On ac-

count of the pendency of the foregoing suits, it is again claimed that this action was commenced in time, under the provisions of § 23 of the civil code. That section reads:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

On the 6th of June, 1871, the plaintiff entered into a written contract with a railroad company of which the Fort Scott, Humboldt & Western Railroad Company is the successor, to grade a road-bed from the city of Fort Scott, in Bourbon county, to Humboldt, in Allen county. In payment of the work to be performed under this contract by the plaintiff, the railroad company agreed to pay or deliver to plaintiff $125,-000 of the bonds of Bourbon county. Prior to June 30, 1872, the plaintiff had fully completed his contract, and was entitled to his payment therefor from the railroad company. The allegation in the amended writ, that plaintiff on or about June 30, 1872, became the owner of the bonds of Bourbon county, must be construed with the other allegations contained in the writ. The bonds were never delivered to the railroad company, nor to the plaintiff. The plaintiff had no contract with Bourbon county, nor with the commissioners of that county. His contract was with the railroad' company only. After plaintiff had completed the road-bed, he was a creditor of the railroad company, but not a creditor of Bourbon county. After the railroad company had fully performed its contract with Bourbon county, it had the right to claim the bonds. This, and nothing more.

Prior to December 5, 1888, the plaintiff had no assignment, legal or equitable, to him by the railroad company of its claim against the county. Even at that time there was no transfer or assignment of any bonds. The court merely decreed that the right to have issue to the railroad company

$125,000 of the county bonds of Bourbon county, as set forth in the bill of complaint herein, be and the same is hereby assigned to the complainant, and full power is hereby given to complainant to bring an action in his name, or in the name of the said railroad company for his benefit, against the county of Bourbon, to obtain the issue and delivery of the bonds described in the bill of the complainant. The plaintiff did not recover its judgment against the Fort Scott, Humboldt & Western Railroad Company until the 5th of December, 1879. If the suit commenced in the United States circuit court in 1874 be considered as a creditor's bill, it stated no cause of action whatever against Bourbon county. The rule is, that a judgment must be obtained and certain steps taken towards enforcing or perfecting the judgment before a plaintiff is entitled to a suit of that character.

In *Tennant v. Battey*, 18 Kas. 324, it was decided that a plaintiff who had an attachment lien upon the property could not prosecute an action to set aside an assignment embracing the property attached, until he had obtained judgment against the debtor. There was no privity between the plaintiff and the county of Bourbon, and before the rendition of the judgment of December 5, 1879, the plaintiff had no right, legal or equitable, to commence or maintain any action against Bourbon county for the bonds or the issuance of the bonds. Prior to the 5th day of December, 1879, the five-years statute of limitations had run against the railroad company. At that time, any action by the railroad company, or its assignees, or any creditor of the railroad company against Bourbon county for the bonds, was barred.

"It is quite apparent," says Judge Walker, for the court, in *State Bank v. Magness*, 11 Ark. 343, "that the intention of the framers of the act [similar to § 23 of the code] was to secure that class of suitors from loss, who, from causes incident to the administration of the law, are compelled to abandon their present action, whether by their own act or the act of the court, when either would leave them a cause of action yet undetermined, by giving them a reasonable time in which

to renew such action. . . . The remedy was evidently intended to be coëxtensive with the evil, and will be so held unless some sensible reason to the contrary can be shown."

We think that the provisions of § 23 should be given a liberal construction, but where a plaintiff has no debt, or legal or equitable claim against the defendant, and has no interest whatever in the subject-matter of the action, he cannot be considered as having "an action undetermined" to renew or revive. He is not within the letter or the spirit of the statute. This action, commenced since the judgment of December 5, 1879, and the assignment of December 5, 1888, is not a continuation of the suit of 1874. In that suit, the plaintiff, on the face of his pleadings, had no legal or equitable title or claim to the bonds of Bourbon county. In this action, his claim to the bonds is based upon the judgment of the 5th of December, 1879, and the subsequent judgment of December 5, 1888. (*Meath v. Commissioners,* 109 U. S. 268; *Tiffin v. Leabo,* 52 Mo. 49; *Sidener v. Galbraith,* 63 Ind. 89.) Therefore, as this action is not a continuation of the suit commenced in the United States circuit court in 1874, the plea of the statute of limitations of five years is sufficient, and bars any recovery.

Counsel for plaintiff refers to *Seaton v. Hixon,* 35 Kas. 663, as authority, that even if his suit of 1874 in the United States circuit court was prematurely brought, his present action is saved by § 23 of the code. In that case, while the action was prematurely brought, Hixon had a claim and a lien for materials furnished by him as sub-contractor upon the building owned by Seaton. He had an interest in the subject-matter of the action. His action was merely premature, because commenced within less than sixty days after the completion of the building, which, under the statute, is too soon. That case therefore differs materially from this. In this case the plaintiff had no lien upon the bonds in controversy, nor any legal or equitable claim against Bourbon county, prior to December 5, 1879.

Plaintiff further insists that, as the railroad company re-

fused to bring an action against Bourbon county to recover the bonds, he had a right to commence a suit in the United States circuit court to protect his interest and the interest of the railroad company. In other words, he contends that he stands in the same position as if his suit of 1874, in the United States circuit court, had been brought by the railroad company against the county. Neither the provisions of the code nor the authorities support any such conclusion. The plaintiff had no action or cause of action against Bourbon county when he filed his bill in the United States circuit court in 1874, and the court had no jurisdiction over Bourbon county. He could not champion the cause of the railroad company against Bourbon county, because he was a stranger to the county. In the suit of 1874 the plaintiff was not a proper party with the railroad company to recover the bonds from the county, because at that time he had no judgment against the railroad company, nor any legal or equitable claim against the county; therefore the plaintiff gained nothing by that suit and could not keep alive the action, or cause of action, of the railroad company against Bourbon county, by making the railroad company and Bourbon county defendants. The action, or subject of action, of the railroad company against Bourbon county was never litigated and has never been in litigation until the statute of limitations ran against it. The action was barred in 1877.

If all of the allegations in his petition are true, the plaintiff might have obtained a judgment in proper time against the railroad company, and then, within the statute of limitations, have instituted a creditor's bill against Bourbon county. This remedy he did not pursue. Without having any action, or cause of action, or right of action against Bourbon county, he commenced a proceeding in 1874 against that county; but this proceeding, being prior to the judgment of December 5, 1879, was futile and useless as against the county. It amounted to nothing. The suit of 1874 does not protect him under § 23. That suit could not, under any possible pleading, or in any state or federal court, have resulted to the interest

or benefit of plaintiff. It was founded upon no debt or claim against the county. It is not possible for an alleged action, or an alleged cause of action, which has no existence and can have no existence, to survive.

The motion to quash must be sustained, and judgment will be rendered in favor of the defendants and against the plaintiff.

VALENTINE, J., concurring.

JOHNSTON, J., having been of counsel, did not sit.