## DOROTHY WATKINS *v.* STATE OF MARYLAND

[No. 171, September Term, 1967.]

48

*Decided April 26, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Michael Lee Kaplan,* with whom was *Morris Lee Kaplan* on the brief, for appellant.

*William B. Whiteford, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Howard L. Cardin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant, Dorothy Watkins, complains of her conviction in the Criminal Court of Baltimore by Judge Charles D. Harris,

sitting without a jury, of the crime of robbery. Upon her conviction, she was sentenced to not more than eight years in the Correctional Institution for Women. She appeals from the judgment.

The testimony as set forth in the record discloses that the prosecuting witness, Henry Fagan, spent the evening of February 24, 1967, and the early hours of February 25th, at Buddy Brooks' Bar, dancing and drinking with the appellant, Dorothy Watkins. After the band stopped playing around 1:00 a.m., appellant invited Fagan to her home for some drinks. He agreed and as they started for his car, she asked him to wait while she got some soda for her kids. When she returned, she was accompanied by a man she introduced as her "brother." She asked if she could bring him along, to which Fagan consented. When the three arrived at appellant's house, Fagan went upstairs to the bathroom, while appellant prepared the drinks. On his return to the living room, he was assaulted by both appellant's "brother" and appellant. The "brother," who was armed with a metal pipe, struck him repeatedly about the head, while appellant moved a Hi-Fi by the door to block his escape and assisted her "brother" by grabbing Fagan and taking his wallet containing $119.00 from his pocket. Bleeding profusely, Fagan finally made his escape and returned to the bar where he told his story to the police. Officers Barrick and Eckert accompanied by Fagan returned to appellant's apartment. There they found blood on the floor and appellant attempting to clean up the blood spots with a bucket of water and a broom. Fagan's empty wallet was found on the floor and a brown paper bag, containing Fagan's identification card, license and other papers, was found on the television set. The "brother" had disappeared and could not be found. Fagan suffered a broken left arm and severe head injuries and was taken to the hospital. His money was never recovered.

I

Appellant's first contention on appeal is that the court erred in allowing the State to amend the indictment.

Prior to the taking of testimony, the assistant State's attorney made an oral request to the court to be permitted to amend the date of the crime set forth in the indictment from February

2, 1967, to February 25, 1967, the correct date of the alleged offense. He told the court that the offense report carried the date of February 25, 1967, and that the February 2, 1967 date must have been a clerical error. Appellant's counsel objected to the amendment, although he admitted that he had access to the State's information and was not deceived as to the correct date. He did not request a continuance and the court, being satisfied that the appellant knew the correct date, permitted the amendment.

Rule 714 a., Maryland Rules of Procedure provides that, "The court may permit an indictment or information to be amended at any time before verdict as to matter of form, but not as to matter of substance." In *Corbin v. State*, 237 Md. 486, 489, 206 A. 2d 809 (1965), the Court of Appeals laid down the rule as to what is substance when it said: "As to what constitutes substance and what is merely formal in an indictment, it may be said that all facts which must be proved to make the act complained of a crime are matters of substance, and that all else— including the order of arraignment and precise words, unless they alone will convey the proper meaning—is formal."

Under the circumstances as presented here changing the date of the commission of the offense charged was a change in form and not in substance, since none of the essential elements of the offense were changed, and, under the circumstances, resulted in no prejudice to the rights of the appellant. We find that the amendment was properly allowed.

## II and III

Appellant's second and third contentions which relate to error on the part of the trial court to grant appellant's motions for judgment of acquittal at the end of the State's case and at the end of the entire case; and that the evidence was not sufficient to convict, may be treated together since both contentions are the same and relate to the same facts. *McGlothlin v. State*, 1 Md. App. 256, 261, 229 A. 2d 428 (1967).

In a non-jury trial this Court will review the case upon both the law and the evidence, but the judgment of the lower court will not be set aside unless clearly erroneous. *Jason v. State*, 1 Md. App. 136, 138, 228 A. 2d 485 (1967); *Stewart v. State*,

1 Md. App. 309, 229 A. 2d 727 (1967); *Michael v. State,* 1 Md. App. 243, 229 A. 2d 145 (1967); Maryland Rule 1086.

In reviewing the sufficiency of the evidence in a non-jury trial, it is the function of this Court to determine whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the court could fairly be convinced beyond a reasonable doubt of the defendant's guilt of the offense charged. *McFadden v. State,* 1 Md. App. 511, 517, 231 A. 2d 910 (1967); *Chittum v. State,* 1 Md. App. 205, 209, 228 A. 2d 628 (1967).

Here there was ample evidence, if believed by the trier of the facts, to find the appellant guilty of robbery. The testimony of the prosecuting witness, Fagan, supported by the testimony of the two police officers who accompanied him to the home of the appellant after the robbery, was clearly sufficient to support the trial court's finding that appellant, together with her "brother," had robbed Fagan.

*Judgment affirmed.*