Opinion by
Mr. Justice Groves.
This writ of error is directed to the ruling of the trial court on a motion made pursuant to Rule 35(b). The plaintiff in error, hereinafter referred to as defendant, asserted in that motion that he should be allowed to withdraw his plea of guilty to aggravated robbery, and the judgment thereon should be set aside, because the events surrounding his plea showed that he had been twice placed in jeopardy in violation of both the Colorado and United States Constitutions.
Defendant appeared before the court charged in one information with three separate counts: viz., aggravated robbery, assault with a deadly weapon, and conspiracy to commit aggravated assault and assault with a deadly weapon. After careful questioning of the defendant to determine that he voluntarily and knowingly entered his plea of guilty to aggravated robbery, the court accepted the plea, and the district attorney pro *412 ceeded to place in evidence the details of the crime under C.R.S. 1963, 39-7-8. The first witness called was the victim. Shortly after questioning began, the court brought to the district attorney’s attention the transposition of the victim’s first and last names in the information. The matter was thereupon continued for four days for the filing of an amended information. On the date to which the hearing had been continued the court once again accepted a guilty plea after careful scrutiny as to the voluntary and knowing character of the defendant’s decision. The evidence on behalf of the People was then received in its entirety.
In two recent cases this court has rejected claims that similar amendments had a prejudicial effect on the defendant. Maraggos v. People, 175 Colo. 130, 486 P.2d 1 (1971) (amended name of owner of premises in burglary prosecution); and Diebold v. People, 175 Colo. 96, 485 P.2d 900 (1971) (amended information to show that victim was in lawful possession rather than ownership in grand larceny prosecution). The amendment here involved was not prejudicial to the defendant, and was one of form rather than substance within the meaning of Colo. R. Crim. P. 7(e). The cases cited by the defendant are not similar and are not sufficiently analogous as to facts to constitute authority here. We fail to see how the defendant has been placed in double jeopardy under either the Colorado or United States constitutions.
Judgment affirmed.
Mr. Chief Justice Pringle, Mr. Justice Day and Mr. Justice Hodges concur.