MR. JUSTICE ERICKSON
delivered the opinion of the Court.
The defendant was convicted on two counts for the sale of Cannabis Sativa L., a narcotic drug. C.R.S. 1963, 48-5-2, 48-5-20.[1] He was sentenced to the penitentiary and now appeals. He argues that an amendment to the information, which was made before the trial was commenced, was one of substance and that reversible error resulted from the amendment. He also claims that the Colorado Drug Control Law is unconstitutional. We affirm the judgment.
After the jury was sworn, the defendant raised the so-called “species defense.” We rejected that defense in People v. Holcomb, 187 Colo. 371, 532 P.2d 45 (1975). In this case, the prosecution sought to amend the information to counteract the species defense. The amendment added language which related to the sale of “cannabis, a narcotic drug, or a substance containing THC, a drug under the Federal Controlled Substances Act of 1970.”[2]
*278 When the amendment was made, the defendant was offered a continuance if he so desired. He elected to proceed with the trial. The evidence established that the substance sold by the defendant was Cannabis Sativa L., and that it did contain the chemical tetrahydrocannabinol (THC). No evidence regarding any artificial form of THC was presented. Thus, the amendment to the information added nothing to the charge or the proof which was presented to the jury.
Under our ruling in People v. Hocomb, supra, the particular botanic or geographical variant of the cannabis plant involved is irrelevant — all variants of the species cannabis being included within the meaning of the statute. Moreover, THC is a physiologically active chemical which occurs in all varieties of cannabis,[3] and no evidence regarding any source of THC other than cannabis was presented. The language inserted by the amendment only repeated the substance of the original charge of the sale of Cannabis Sativa L. The fact that THC may be produced in a synthetic form is irrelevant under the facts of this case. We find that the amendment, under the particular facts of this case, was one of form only. We are unable to perceive any prejudice to the rights of this defendant. Accordingly, no violation of Crim. P. 7(e) is present in this case. See People v. Marion, 182 Colo. 435, 514 P.2d 327 (1973); People v. Buckner, 180 Colo. 65, 504 P.2d 669 (1972); McKee v. People, 175 Colo. 410, 487 P.2d 1332 (1971).
The defense also contends that a portion of the Colorado Drug Control Law[4] is unconstitutional. Since the defendant was not convicted under that portion of the statute, he lacks standing to raise the constitutional issues. See United States v. Raines, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960); People v. Sharpe, 183 Colo. 64, 514 P.2d 1138 (1973).
Accordingly, we affirm.

 Now sections 12-22-302 and 12-22-322, C.R.S. 1973, amended Colo. Sess. Laws 1975, ch. 56, § 16 at 208 and ch. 115, § 9 at 437.

 See 21 U.S.C. § 812 (1970).

 This point is readily recognized by authorities in medicine and forensic science. See, e.g., Thornton and Nakamura, The Identification of Marijuana, 12 J. Forensic Science Society 461 (1972); Neumeyer and Shagoury, The Chemistry and Pharmacology of Marijuana, 16 J. Pharmaceutical Science 1433 (1971); Clarke and Robinson, When is Cannabis Resin?, 10 Med., Science and the Law 139 (1970); Accord, Kurzman and Fullerton, Winning Strategies for Defense of Marijuana Cases, 1 J. Crim. Defense 487, 510-11 (1975); Metzger, Notes on Marijuana Identification in Criminal Cases, 1 J. Crim. Defense 183, 186-87 (1975). See also United States v. Lewallen, 385 F. Supp. 1140 (W.D. Wis. 1974).

 C.R.S. 1963, 48-5-1 (14)(a), amended Colo. Sess. Laws 1973, ch. 166, § 2 at 569, now section 12-22-301(16), C.R.S. 1973, amended Colo. Sess. Laws 1975, ch. 114, § I at 431 and ch. 115, § at 433.