**STATE of Iowa, Appellee,**

**v.**

**Elmer Russell BUFORD, Appellant.**

**No. 64551.**

Supreme Court of Iowa.

July 15, 1981.

Louis M. Fusco of Wilson, Goodhue & Fowler, Indianola, for appellant.

Thomas J. Miller, Atty. Gen., Douglas F. Staskal, Richard L. Cleland, and Thomas N. Martin, Asst. Attys. Gen., and John W. Criswell, Warren County Atty., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, ALLBEE, McGIVERIN, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

After a break-in at the Yves and Sandra Wysong home in Warren County, defendant was charged by trial information with second-degree burglary, in violation of sections 713.1 and 713.3, The Code 1979. A jury found defendant guilty, and he was sentenced to a prison term not to exceed ten years. The Court of Appeals reversed the conviction and remanded for a new trial. It held trial court should have granted defendant's continuance motion, under Iowa Rule of Criminal Procedure 18(5), when the State sought to introduce testimony of a witness not listed in the minutes of testimony. We granted the State's application for further review and now vacate the Court of Appeals decision and affirm defendant's conviction.

I. The minute of testimony of Yves Wysong stated he would testify his residence was broken into and several items were taken, and that defendant and his companions had no permission or authority to enter the residence or to remove any articles from the premises. The day before trial, Yves' wife, Sandra, telephoned the county attorney to report Yves was hospitalized with injuries from a work-related explosion and was unable to testify. Consequently, the next day the State filed a "Motion for Leave to Introduce Testimony of Sandra Wysong," which stated Yves was unavailable, but alleged:

> That Sandra Wysong, the wife of Ives [*sic*] Wysong, is available for testimony and her testimony would be substantially the same as that of Ives [*sic*] Wysong and further that neither Mr. nor Mrs. Wysong would be able to identify this Defendant or any of his companions as being the burglars in question and could basically only testify to the fact that they jointly own the residence in question, that their residence home was burglarized on or about the 4th day of September, 1979, and taken therefrom were items listed above and further that their home is not open to the public and that the Defendant nor any of his companions had any authority, permission or consent to enter or break into said residence.
>
> That the Defense has not taken the deposition of Ives [*sic*] Wysong in this cause and the Defense would also not be prejudiced by a substitution of Mrs. Wysong for Mr. Wysong.
>
> . . . .
>
> That to use the testimony of Mrs. Sandra Wysong in place of the testimony of Mr. Ives [*sic*] Wysong would be a switch in testimony as to only formal matters in this cause.

The motion prayed that the court allow the testimony but not permit a continuance because the testimony only went to "formal matters." Plaintiff's motion to introduce Sandra Wysong's testimony was sustained. Defendant's resulting motion for a continuance was overruled.

Iowa Rule of Criminal Procedure 18(5) relevantly provides:

> Whenever the prosecuting attorney desires to call witnesses to support the indictment, of which he or she shall not have given ten days' notice because of insufficient time therefor since the prosecutor learned said testimony could be obtained, the prosecutor may move the court for leave to introduce such testimony, giving the same particulars as in the former case, and showing diligence, supported by affidavit or other evidence. *Except where the testimony goes to merely formal matters,* if the court sustains said motion, *the defendant shall elect whether said cause shall be continued on his motion,* or the witness shall then testify.

(Emphasis supplied.)

The State urges us to adopt trial court's rationale that because the proffered testimony went to "merely formal matters," defendant could not exercise the option for a continuance provided by the rule. The phrase "formal matters" is defined neither in the rule nor in the Code. The Court of Appeals concluded Sandra's testimony could not be classified as a "formal matter."

The State defines the phrase to mean "testimony about which prior notice would not be of substantial benefit to the defendant and for which additional preparation time would be unnecessary." Applying this definition to Sandra's testimony, the State concludes defendant would not have benefited from advance notice because her testimony was limited to the fact a burglary occurred and that defendant had no authority to enter the home, matters that would not aid the defense in this case.

It is obvious, however, that the State ordinarily will not proceed under rule 18(5) merely to substitute a witness who will testify to the same matters as an unavailable witness listed in the minutes of testimony. Nor do we discern a legislative intent for application of a broad definition of "formal matters" to deprive a defendant who, unlike this defendant, had no prior notice of the subject matter of new testimony, whenever a trial court might determine subjectively that the defendant would not be benefited by advance knowledge of the testimony. We conclude that in most cases a narrow definition of "formal matters" will be required to ensure defendants additional time to meet the new testimony and to determine its impact.

Unless the term is defined otherwise by statute or in law, we are free to consult the dictionary and refer to common usage in ascribing meaning to a statutory term. *See State v. Jackson,* 305 N.W.2d 420, 422–23 (Iowa 1981). "Formal" is defined as "[r]elating to, concerned with, or constituting the outward form, superficial qualities, or arrangement of something as distinguished from its content." *Webster's Third New International Dictionary* 893 (1976). The phrase "matter of form" also has been defined:

> In pleadings, indictments, affidavits, conveyances, etc., matter of form (*as distinguished from matter of substance)* is all that relates to the mode, form, or style of expressing the facts involved, the choice or arrangement of words, and other such particulars, without affecting the substantial validity or sufficiency of the instrument, or *without going to the merits.*

*Black's Law Dictionary* 586 (5th ed. 1979) (emphasis supplied).

Other courts have limited the scope of "formal matters," in various contexts, to technical, nonsubstantive matters. *See Meath v. Board of Mississippi Levee Commissioners,* 109 U.S. 268, 273–74, 3 S.Ct. 284, 287–88, 27 L.Ed. 930, 932 (1883); *United States v. Conant,* 25 F.Cas. 591, 593–94 (Mass.Cir.1879); *Robinson v. United States,* 128 F.2d 322, 323–24 (U.S.App.D.C.1942); *McClellan v. State,* 119 Cal.App. 535, 538–39, 6 P.2d 994, 996, *cert. denied,* 287 U.S.

**34** 

611, 53 S.Ct. 14, 77 L.Ed. 531 (1932); *McKee v. People*, 175 Colo. 410, 412, 487 P.2d 1332, 1333 (1971); *Commonwealth v. Browning*, 301 Ky. 376, 378, 192 S.W.2d 87, 88 (1946); *City of Natchitoches v. State*, 221 So.2d 534, 540 (La.App.1969); *Watkins v. State*, 4 Md. App. 47, 50, 240 A.2d 787, 789 (1968); *State v. Amadon*, 58 Vt. 524, 525, 2 A. 154, 155 (1886).

██ These authorities support our conclusion that testimony as to "matters of form" should not be construed to refer to testimony relating to the substance of the offense. Sandra's testimony, although in this instance not crucial to defense preparations, directly established certain substantive elements of the burglary charge. *See* § 713.1, The Code. Thus we conclude it did not relate to "merely formal matters" so as to foreclose defendant's right to have the trial continued.

However, this does not end our inquiry, for defendant has not suggested how he was prejudiced by trial court's error in refusing to grant a continuance. In *State v. Smith*, 282 N.W.2d 138 (Iowa 1979), the defendant challenged trial court's allowance of certain testimony by a witness not listed in the minutes. We stated:

> This court has a long history of not reversing on the ground of technical defects in procedure unless it appears in some way they have prejudiced the complaining party or deprived him or her of full opportunity to make defense to the charge presented in the indictment or information. This includes defects relating to minutes of testimony.

> The record in this case plainly shows defendant was not surprised by the ... testimony. ... He had adequate time to prepare his defense. In this instance we find admission of the ... testimony to be harmless if it was an error on trial court's part.

*Id.* at 141 (citations omitted). *See also State v. Gartin*, 271 N.W.2d 902, 910 (Iowa 1978); *State v. Kyle*, 271 N.W.2d 689, 691 (Iowa 1978).

Defendant had been informed of Yves' testimony. Sandra's testimony was sub-

stantially the same. Further, defendant did not depose Yves, which indicates he would not have utilized any additional time afforded by a continuance to depose Sandra. He did not cross-examine her at trial. There was no indication defendant was prejudiced. He claims no prejudice. No reversible error occurred. *See State v. Waterbury*, 307 N.W.2d 45, 48 (Iowa 1981).

██ II. Defendant contends his confession to Warren County deputies following his arrest should not have been admitted into evidence. He claims the confession was involuntary and coerced because it was induced by an officer's promise that "things ... would be easier" if he confessed. Although defendant's testimony and that of the officers is conflicting, we determine there was substantial evidence no such promise was made. The State has met its burden to prove the confession was voluntary. *See State v. Cullison*, 227 N.W.2d 121, 127 (Iowa 1975).

██ Likewise meritless is defendant's claim he was prejudiced by trial court's failure to discharge a juror or to declare a mistrial after an attempted nighttime theft from a juror's car during trial. Trial court allowed defendant to examine each juror carefully in chambers. He had ample opportunity to explore any impact the incident may have had on the jurors' abilities impartially to assess his guilt or innocence. The record affirmatively discloses no prejudice occurred.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.