## SAMSON v STATE

Ohio Appeals, 6th Dist, Lucas Co
No 2373. Decided May 26, 1930

Robert F. Bartley, Toledo, for Samson.

Leroy W. Hunt, Prosecuting Attorney and Clarence A. Irwin, Assistant Prosecuting Attorney, both of Toledo, for State.

RICHARDS, J.

It is contended on behalf of Paul Samson that under the facts shown he is not guilty of the charge contained in the indictment. The robbery was committed before he joined the party at Holland and the original forcible and fraudulent possession of the person of Glaze was taken before that time. The guilt or innocence of Paul Samson depends upon the construction to be placed on 12424 GC, under which he was prosecuted. That section reads as follows:

"Whoever kidnaps, or forcibly or fraudulently carries off, detains or decoys a person, or unlawfully arrests or imprisons a person with the intention of having such person carried out of this state, shall be imprisoned in the penitentiary not less than one year nor more than twenty years."

Counsel for Paul Samson insists that under the statute quoted the crime of kid-

napping can only be committed if it is done with the intention of carrying the person kidnapped out of the state. We do not so construe the statute. Certainly the evidence does not indicate any intention on the part of Paul Samson or his associates to carry Glaze out of the state. The statute, afirly construed, provides a punishment for whoever kidnaps or forcibly or fraudulently carries off, detains or decoys a person, and it also provides a like punishment for whoever unlawfully arrests or imprisons a person with the intention of having such person carried out of the state. It will be noticed that the word "person" follows after "kidnaps, forcibly or fraudulently carries off, detains or decoys". Thereafter the word "person" is again used, followed by the phrase "with the intention of having such person carried out of this state". In the last quoted clause the words "such person" relate to the "person" mentioned immediately preceding, and that is the person who has been unlawfully arrested or imprisoned. In other words, the phrase "With the intention of having such person carried out of this state" does not reach back and modify all the preceding provisions. It will be noticed, also, that there is no comma in the clause "unlawfully arrests or imprisons a person with the intention of having such person carried out of this state". In the judgment of this court the statute will not bear such a construction as to make it lawful to kidnap or forcibly or fraudulently carry off, detain or decoy a person, when such acts are committed without the intention of having the person carried out of the state.

A similar view is expressed in **1 Ohio Jurisprudence, 131,** where the form of an indictment for kidnapping does not include a charge that it was with the intention of carrying the abducted person out of the state. In 2 Bishop, Criminal Law, Sec. 750, kidnapping is defined as a false imprisonment aggravated by conveying the imprisoned person to some other place, and the author further states that it is a continuous crime, beginning with the taking and ending with the return of the kidnapped person. In Section 756a, the same author restates the doctrine as follows:

"At common law a false imprisonment consists of a restraint or detention of one against his will, by physical force, or by such an array or threatening thereof as overpowers his will. When to this is added the removal of the imprisoned person to some other place, the offense becomes kidnapping."

It is true, the opposite view is expressed in the 1918 edition of Patterson's Wilson's Criminal Code, Vol. 1, p. 512, as indicated by the form of an indictment therein set forth, but we are not in accord with the position taken in that book.

Kidnapping is a continuing act and the act was persisted in after Paul Samson joined the other three conspirators and he knowingly participated in the act by furnishing a revolver and riding in the back seat with the prisoner, and thus became one of the four conspirators, at least from that time on.

Finding no error, the judgment will be affirmed.

WILLIAMS and LLOYD, JJ., concur.