No. 21458.

LARRY RHODUS *v.* THE PEOPLE OF THE STATE
OF COLORADO.
(406 P.2d 679)

Decided October 4, 1965.     Rehearing denied November 1, 1965.

Daniel, McCain & Brown, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

Plaintiff in error, to whom we will refer to as the defendant, was found guilty of the crimes of burglary, larceny, and conspiracy to commit those offenses. He was sentenced to a term of from five to eight years in the state penitentiary on the burglary and larceny counts, and to three to five years on the conspiracy count, the latter sentence to run consecutively following completion of the former.

As grounds for reversal, counsel for defendant presents argument under five captions as follows:

"A. The court erred in failing to give defendant's requested instruction on alibi and said failure unduly prejudiced the defendant in that it deprived him of his right to have the jury instructed on his theory of the case.

"B. The court erred in admitting People's Exhibit No. 7 for the reason said exhibit was insufficiently identified.

"C. The court erred in admitting People's Exhibit No. 10 for the reason said exhibit was obtained from defendant against his will and in violation of his constitutional rights.

"D. The court erred in submitting Instruction No. 10 to the jury for the reason it is an incorrect statement of the law.

"E. The court erred in refusing to grant defendant's motion for continuance for the reason that the defendant was deprived of his right to obtain witnesses and prepare for trial."

A brief summary of the details of the crimes involved will make unnecessary any extended discussion of the arguments made for reversal of the judgment.

■ Evidence was produced which established that defendant, in the company of two others, entered the Adams county premises of Flank Oil Company on the night of May 8, 1963, on three different occasions. After the first two occasions, defendant and his companions returned to an address in Denver with a quantity of Dunlop passenger car tires taken from Flank Oil Company. On the third trip the trio was observed on the Adams county premises by an employee of a neighboring company who reported the situation to the Commerce City police. When the three men noticed the arrival of the police they beat a hasty retreat, alternatively running and walking until they reached a bar in the stockyards area of Denver. They went from the bar to the home of another man. The next day some of the stolen tires were sold and the profits divided among the defendant and his companions. There was evidence produced showing that the three burglars, in their haste, left a number of tires on the ground outside the building from which they had been taken. These tires were admitted into evidence as Exhibit 7, over the objection of the defendant. There was no error committed by the court in this connection. The tires were removed from the building by the burglars with the intent to deprive the owner of dominion over them. The fact that the tires were abandoned in the effort to escape the police does not make them inadmissible, or place them in a class apart from those that were removed a farther distance and sold by the burglars.

■ The people elicited testimony from one of the

Commerce City police officers showing that the defendant had made and signed a written confession of his guilt. The answers given to questions asked were in his handwriting. Thereupon the district attorney sought to introduce this instrument which was identified as Exhibit 10. Before the court ruled on the admissibility of this exhibit, defense counsel was permitted to conduct a voir dire of the police officer. During the course of this voir dire defendant offered no evidence, but at the conclusion of the examination defendant objected to the admission of the confession on the ground that it was involuntarily given. This objection was overruled and the exhibit was admitted. The court found on the evidence then presented that the confession was voluntarily made. Thereafter when the defendant took the stand in his own defense he stated that this confession was given only upon promises of leniency made by the chief of police. Since the evidence at this point was reduced to a state of conflict, the court instructed the jury, in effect, that it was to resolve the conflict and determine the voluntariness of the confession. This procedure was proper and no error was committed in the admission of Exhibit 10.

With reference to the argument that the court erred in refusing to give an instruction on the defense of alibi it is sufficient to say that counsel who represented the defendant at the trial made no request for such an instruction; no such instruction was either tendered or refused by the court. There was no compliance with Rule 30, Colo. R. Crim. P. Under the facts shown by the record in this case,

"* * * it was the responsibility of defendant's counsel to request such instruction if he believed circumstances warranted, and, having failed to do so, defendant cannot now complain that such instruction was not given. * * *" *Mickens v. People*, 148 Colo. 237, 365 P.2d 679.

There is no question presented by the other assign-

ments of error which has a sufficient basis to warrant discussion. Suffice it to say that they are without merit.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE MCWILLIAMS concur.