## No. 23753.

RICHARD WALTER DIEBOLD v. THE PEOPLE OF THE
STATE OF COLORADO.
(485 P.2d 900)

Decided June 14, 1971.

THEODORE P. KOEBERLE, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, MICHAEL T. HALEY, Assistant, for defendant in error.

*In Department.*

Opinion by CLIFFORD H. DARROW, District Judge.*

PLAINTIFF in error, hereinafter referred to as defendant, seeks review of certain alleged errors occurring at his trial upon a charge of grand larceny. His conviction rested almost wholly upon circumstantial evidence.

The information was filed June 13, 1967, under C.R.S. 1963, 40-5-2, which was subsequently repealed and re-enacted.

I.

 The first of defendant's assertions, and the one which we believe to be the most important, is that there was insufficient evidence to justify the "guilty" verdict. We conclude that the evidence was sufficient.

The evidence of the people showed that one Jerry Golden parked a motorcycle owned by his brother near his apartment house, and that it was stolen from that location. Several days later Mr. Golden received information that part of the stolen motorcycle had been incorporated into another motorcycle. A few days later he observed a motorcycle having a front end similar in many respects to that of the stolen motorcycle. This second motorcycle was in the possession of the brother-in-law of defendant. Mr. Golden and the police examined this motorcycle, and Mr. Golden noted several similarities between the front end of this motorcycle and the stolen motorcycle. A serial number on the front end had been partially obliterated. This serial number, although not the same as the serial number for the remainder of the motorcycle, was shown to correspond to the number which had been stamped on the front end fitted to Golden's motorcycle by the manufacturer. Testimony showed that the defendant had given this front end to his brother-in-law shortly after the theft. The police could not substantiate defendant's explanation of the circumstances under which he acquired it.

 It is clear that in Colorado, conviction of a crime may be based upon circumstantial evidence. *Moore v. People*, 174 Colo. 286, 483 P.2d 1340. In *Corbett v. People*, 153 Colo. 457, 387 P.2d 409, it was held that the quantum of proof where guilt is founded upon circumstantial evidence is the same as where it is based on direct evidence.

The claim of the defendant that since the stolen motorcycle was not found in his possession, there was no proof of a felonious taking, is a quixotic notion.

 We think that the evidence, circumstantial and direct, was sufficient to support the jury's verdict. When

there is substantial evidence to support a verdict of guilty, viewed in the light most favorable to the People, the verdict must be sustained. *Bennett v. People,* 155 Colo. 101, 392 P.2d 657; *Southard v. People,* 174 Colo. 324, 483 P.2d 962.

II.

■ The defendant contends that the delivery by the court to the jury of an instruction on possession of recently stolen property was prejudicial to him.

He argues that such an instruction should not be given in cases where, as here, the defendant did not testify, because it in effect was a comment by the trial court upon his failure to testify, it weighted the evidence against him, and it shifted the burden of proof from the People to him in violation of his constitutional rights.

These contentions have been adequately answered in *Noble v. People,* 173 Colo. 333, 478 P.2d 662, where it is said that "This court has repeatedly held that in a prosecution for *larceny* or *burglary* the jury may infer that the accused committed the theft from the circumstances of his recent, unexplained, exclusive possession of the stolen articles involved." Applying the principle established in that and other decisions to this case, we hold that the trial court's instruction was appropriate.

III.

There are specifications of error pertaining to the reception of evidence.

Defendant's sister-in-law testified concerning the date on which defendant brought the front of the motorcycle to the Coleman home. Her testimony was that she imagined the date was May 20, 1967, but that she did not remember telling the police the exact date. The People, over objection, were permitted to interrogate detective Newby with reference to the date in controversy. He stated that the witness told him that the date was May 20, 1967.

■ The People concede that the testimony of the witness Newby was inadmissible under the hearsay rule.

We do not believe that it was. The testimony was impeachment of a defense witness by the showing of a prior inconsistent statement. The point is not well taken for another reason. There is other testimony in the record, some of which was given by defendant's witnesses, that clearly establishes the date as having been May 20, 1967. Any alleged error predicated upon this point is, at most, only harmless. A conviction in criminal cases will not be reversed upon harmless error. *Gould v. People,* 167 Colo. 113, 445 P.2d 580.

The remaining point relating to admissibility of evidence need not be considered by us. It had reference to the identification of the stolen motorcycle, by inquiries made of the manufacturer. The evidence was cumulative for identification of the stolen motorcycle. No objection to such evidence was made at the trial and the subject was not presented in the defendant's motion for a new trial. Counsel for the defendant cross-examined with reference to this testimony, made no motion to have it stricken, nor for the trial court to instruct the jury to disregard it. Matters which counsel intends to raise on writ of error must be the subject of contemporaneous objection, when applicable, and must be preserved in the motion for a new trial. *Brown v. People,* 158 Colo. 561, 408 P.2d 981.

## IV.

The defendant claims reversible error in that the trial court permitted the district attorney to amend the information during trial by alleging that the stolen motorcycle was "the personal property of another in the lawful possession of Jerry Golden. . . ." The original information charged that the motorcycle was the property of Jerry Golden.

In prosecutions for larceny, amendments changing the names or description of the owner are of form and not substance. The amendment was legally permissible. *Collins v. People,* 69 Colo. 353, 195 P.525. Nor is it mandatory that ownership be proven when it is alleged that the property of another was unlawfully taken while in the

lawful possession of the person entrusted with it. In *Kelly v. People,* 166 Colo. 322, 443 P.2d 734, this court said:

"Nor is a larceny case the proper platform to determine the so-called legal ownership of a chattel. In *Sloan v. People,* 65 Colo. 456, 176 P.481 we stated that the 'actual condition of the legal title is immaterial to the thief [and] so far as he is concerned, one may be taken as the owner who was in peaceable possession of it, and whose possession was unlawfully disturbed by the taking.'.

"Therefore, in a larceny case, it is sufficient to show that the named victim had possession, control and custody of the chattel which was the alleged object of the larceny. Certainly in the instant case there is evidence to establish that the Ling Motor Company had possession, control, and custody of the vehicle in question, even though no certificate of title thereto was ever introduced in evidence."

*See also Griffin v. People,* 157 Colo. 72, 400 P.2d 928.

V.

A final specification of error is that in summation the People made remarks to the jury which were prejudicial to the defendant. The arguments of counsel and any objections made during argument have not been preserved in the record. In these circumstances, there is nothing for us to review on this phase of the case.

Judgment affirmed.

MR. JUSTICE GROVES, MR. JUSTICE LEE and MARVIN W. FOOTE, District Judge\*, concur.

---

\*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.