## No. 24316

Douglas Robert Gass v. The People of the State of Colorado
(493 P.2d 654)

Decided February 7, 1972.

F. Richard Hite, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Robert L. Hoecker, Assistant, Aurel M. Kelly, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Douglas Robert Gass was convicted of first degree murder in the District Court of Jefferson County. He seeks reversal of the judgment of conviction, claiming prejudicial error was committed by the trial court in admitting into evidence an oral confession made to investigating officers in violation of his constitutional rights, and in the admission of certain exhibits. We affirm the judgment.

There were no eyewitnesses to the events which culminated in the death of the victim, Darrel Len Moore. The details

of the killing are found in the statements, confessions and testimony of the defendant Gass.

Gass and Moore, prior to the tragic event of January 23, 1969, had been close friends and roommates. The record shows that shortly after 5 p.m. on that day the defendant and Moore became involved in a heated political and philosophical argument which eventually erupted into a violent physical encounter. Moore stood 6'1" in height and weighed 210 pounds, whereas the defendant was of considerably smaller stature, standing 5'7" and weighing 150 pounds. During the course of the fight, Moore grabbed a butcher knife and, according to the defendant, wheeled on the defendant, whereupon the defendant succeeded in wresting the knife from Moore, and then defendant stabbed Moore in the abdomen four times. Defendant then shot Moore twice in the head with a .22 caliber revolver belonging to Moore, which was on the refrigerator in the kitchen. The autopsy indicated that the gunshot wounds were not fatal and that death was caused by the knife wounds to the victim's body.

The defendant then fled the scene in the victim's auto, driving to Corpus Christi, Texas, where he contacted a former friend, Michael Eddins. On the morning of January 26, the defendant visited with Eddins and confessed that he had killed Moore, describing in some detail the fight and the slaying. He asked Eddins to turn him in to the police. This was done. Eddins testified at the trial to the defendant's confession to him.

Arvada police officers, Kenly and Craighead, arrived in Corpus Christi on Monday, January 27, to take custody of the defendant. Defendant indicated he wished to waive extradition and he was taken before a justice of the peace who then advised him of his rights. He was asked by the magistrate if he understood his rights and the defendant answered, "yes." The advisement form appears in the record as Exhibit SS. Defendant then signed an extradition waiver form.

The officers, being uncertain of the sufficiency of the proceedings, determined that defendant should appear before

a district judge, and this was done the next morning before the commencement of the return trip to Colorado. The defendant appeared with the officers before the District Court of Nueces County, Texas. The presiding judge again advised defendant of his rights. Defendant was again asked if he understood his rights, to which he answered in the affirmative. The judge inquired if the defendant wanted an attorney. The defendant answered: "I don't want an attorney." Another waiver of extradition form was then signed by the defendant. The advisement form read by the district judge appears in the record as Exhibit RR and shows that the advisement took place at 10:25 a.m. that morning.

The return trip was commenced at approximately 11 a.m. in the victim's car. After traveling approximately one hour, the defendant stated to Officer Kenly: "How can I plead guilty to this thing and not cause a lot of trouble?" Officer Kenly answered: "What's this?" The defendant then asked: "What's going to happen to me in Arvada?" Kenly responded: "Well, it depends on what did happen in Arvada." Officer Kenly then asked the defendant: "What did happen?" At this point during Officer Kenly's testimony, defense counsel objected on the grounds that the defendant had not been sufficiently advised of his *Miranda* rights against self-incrimination. An *in camera* hearing was then held, after which the court overruled the objection. Thereupon, Officer Kenly was permitted to testify to the confession made by the defendant to him as they proceeded to Denver. Officer Craighead, who was driving the automobile, heard only a portion of the incriminating dialogue between the defendant and Officer Kenly.

The record shows the defendant testified in his own behalf and related in substantial detail the events of the fight, stabbing and shooting which resulted in Moore's death. He told of his flight to Texas, his confession to Michael Eddins, his arrest, and his appearance in both courts. When asked whether he was advised of his rights, he answered: "I really can't say. I wouldn't say yes or no." He professed not to remember what he told Officer Kenly about the killing as

they were driving from Corpus Christi.

The evidence was undisputed that defendant killed Darrel Len Moore. The circumstances surrounding the killing, as described by the defendant in his testimony, as well as in his extrajudicial admissions and confessions, were such that a jury could find beyond a reasonable doubt that defendant wilfully and of his premeditated malice aforethought killed and murdered Darrel Len Moore.

■ We are asked to overturn the jury's verdict on the basis that defendant's extrajudicial confession was inadmissible as having been obtained in violation of his rights as enunciated in *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. We decline to do so. The record supports the court's conclusion that the defendant was adequately advised of and effectively waived his rights. It is undisputed that he was twice advised, and that the last advisement took place only one and one-half hours before he made his incriminating admissions to Officer Kenly. At both advisements he acknowledged he understood what his rights were and after the second advisement he specifically stated he did not want an attorney. Additionally, the conversations were spontaneously initiated by him and were not the result of any investigative interrogation. We hold the record amply demonstrates that proper *Miranda* warnings were given the defendant and that he knowingly and intelligently waived his right to an attorney.

■ We find no merit to defendant's second basis for reversal. The exhibits of which he complains were designated as People's Exhibits BB, CC, DD, EE, HH, II, and JJ. All except JJ were color slides showing different views of Moore's body and the injuries and wounds incurred. Exhibit JJ consisted of two teeth knocked out of Moore's jaw during the fatal struggle. First, we are unable to appraise the alleged prejudicial effect of these exhibits, as none of them were certified as a part of the record on review. In the absence of the exhibits, we may presume that the trial court did not abuse its discretion in admitting them into evidence. *Gottfried v. People,* 158 Colo. 510, 408 P.2d 431; *St. Louis v.*

*People,* 120 Colo. 345, 209 P.2d 538.

Secondly, we have many times announced the rule applicable here that photographs may be used to graphically portray the appearance and condition of a deceased and the extent of existing wounds and injuries. Such are competent evidence of any relevant matters which a witness may describe in words. Further, that shocking details of a crime may be revealed by photographs does not render them inadmissible if they are otherwise relevant. *See Young v. People,* 175 Colo. 461, 488 P.2d 567, and cases cited therein.

Exhibit JJ, the two teeth missing from the victim's jaw, was relevant to demonstrate the degree of violence employed in the physical encounter between the defendant and Moore.

No abuse of discretion by the trial court has been demonstrated to warrant a reversal on the basis of the admission of these designated exhibits.

The judgment is affirmed.