## No. 24710

### Gilbert Ortega v. The People of the State of Colorado
(498 P.2d 1121)

Decided June 12, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

■ Gilbert Ortega, hereinafter referred to as the "defendant," was convicted of kidnapping in violation of C.R.S. 1963, 40-2-44(1). The defendant's conviction of kidnapping was based primarily on the testimony of the victim, Marilyn Markus, and the defendant's accomplice, Clarence Barela. Both parties testified that the incident occurred one evening when the victim was driving home in the early morning hours. At the insistence of the defendant, who was a passenger in Barela's car, Barela followed the victim's car and attempted to force it off the road. After ramming her car and then pursuing it to the outskirts of town, Barela blocked off the victim's vehicle on a side road. The defendant then got out of Barela's car and went over to the victim's car. He shoved her to the passenger side and jumped in behind the wheel. He then proceeded to drive the victim's car down the road, followed by Barela in his car. After a short distance, the victim was able to break from the defendant's grasp and jump from the moving car into a ditch. She then ran down a hill and hid in a culvert until the two men drove off. These facts clearly establish the crime of kidnapping as defined in C.R.S. 1963, 40-2-44(1).

The defendant now brings this writ of error seeking reversal of his conviction and a new trial on the ground that

the trial court erred in refusing to instruct the jury that false imprisonment is a lesser included offense whenever the crime of kidnapping is charged. In addition, the defendant belatedly claims that the trial court erred in permitting the victim to identify him in the presence of the jury and in admitting testimony that he had been previously identified by the victim in a line-up. Neither argument justifies reversal, and we, therefore, affirm the defendant's conviction.

The defendant's claim that the trial court improperly instructed the jury is predicated on the assumption that an accused who is charged with kidnapping is entitled to an instruction on the lesser included offense of false imprisonment. *See People v. Hope,* 257 N.Y. 147, 177 N.E. 402 (1931); *Samson v. State,* 37 Ohio App. 79, 174 N.E. 162 (1930); *Perkins, Criminal Law* ch. 2, § 7 (2d ed. 1969); *Clark & Marshall, The Law of Crimes* 745-48 (7th ed. 1967); 1 *Wharton, Criminal Law and Procedure* § 371 (Anderson ed. 1957); 2 *Bishop, Criminal Law* § 750 (9th ed. 1923). We find this assumption to be wholly unfounded. Even if we were to concede that false imprisonment is a lesser included offense of kidnapping, the defendant would not be entitled to an instruction on such offense unless there was some evidence which, if believed, would render the defendant guilty of the lesser included offense, rather than the specifically charged offense. *See Hollon v. People,* 170 Colo. 432, 462 P.2d 490 (1969); *People v. Futamata,* 140 Colo. 233, 343 P.2d 1058 (1959); *People v. Stanton,* 274 Cal. App. 2d 13, 78 Cal. Rptr. 771 (1969); *People v. Asan,* 22 N.Y.2d 526, 239 N.E.2d 913, 293 N.Y.S.2d 326 (1968). *See also, Barnhisel v. People,* 141 Colo. 243, 347 P.2d 915 (1959). Otherwise stated, the defendant is entitled to an instruction and verdict form on a lesser included offense unless it is clear from the evidence that the defendant is guilty of the greater offense or nothing at all. *People v. Crawford,* 259 Cal. App. 2d 874, 66 Cal. Rptr. 527 (1968).

In this case, both the victim and the defendant's accomplice testified that the defendant committed acts which constitute kidnapping as defined by C.R.S. 1963,

40-2-44(1). The only theory of defense was alibi, and the defendant denied the commission of any act which could lead to the conviction of either false imprisonment or kidnapping. No evidence was presented from which the jury might have found that the defendant was only guilty of false imprisonment. Thus, the defendant was either guilty of kidnapping or nothing at all, and the trial court's refusal to instruct the jury on false imprisonment was wholly proper.

The defendant also alleges that he was denied the effective assistance of counsel at the pre-trial line-up where he was identified by the victim. The defendant's allegation is predicated on the fact that the attorney who represented him also appeared for a co-defendant at the line-up and was later appointed to represent the co-defendant. The co-defendant elected to testify for the prosecution, and that fact alone, the defendant contends, establishes a conflict of interest. The defendant asserts that the attorney who represented him at the line-up was, therefore, unable to effectively assist his subsequently appointed defense counsel in preparing for cross-examination of witnesses who appeared at the line-up identification. Based on this reasoning, the defendant concludes that the line-up was conducted improperly and that the trial court failed to comply with the dictates of *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), in admitting identification testimony. In particular, the defendant argues that an *in camera* hearing should have been held to determine whether there was an independent basis for the in-court identification made by the victim. The defendant also claims that the testimony which showed that he had been previously identified by the victim in a line-up should have been excluded *per se.*

It is conceded that the errors alleged with regard to the admission of identification testimony were not raised during the trial or in the defendant's motion for a new trial. Under these circumstances, they need not be considered by this Court on a writ of error. *Phillips v. People,* 170 Colo.

520, 462 P.2d 594 (1969); *Falgout v. People,* 170 Colo. 32, 459 P.2d 572 (1969); *Armstead v. People,* 168 Colo. 485, 452 P.2d 8 (1969); Colo. R. Crim. P. 37(b). Nevertheless, the defendant contends that they should be considered by this Court pursuant to the language of Colo. R. Crim. P. 37(b), which provides "that plain error or defects affecting substantial rights may be noted although they were not brought to the attention of the trial court." The record does not reflect errors of such a significant nature that they could be denominated "plain error." The defendant was represented by competent counsel at the line-up, and there is no evidence in the record that counsel failed to safeguard the rights of the defendant or that counsel was ineffective in eliminating the hazards which make the line-up a critical stage of the proceedings. *See United States v. Wade, supra.* Moreover, the record does not reflect, as the defendant contends, that the change in defense counsel which occurred prior to trial deprived the defendant of adequate representation. *Cf. Dukes v. Warden, Connecticut State Prison,* 406 U.S. 250, 92 S.Ct. 1551, 32 L.Ed. 2d 45.

Accordingly, the judgment is affirmed.