### No. 24778

**The People of the State of Colorado v.
Richard David Chavez, a/k/a Richard Chavez**

(500 P.2d 365)

Decided August 28, 1972.

318

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, Patricia W. Robb, Special Assistant, for plaintiff-appellee.

Levi Martinez, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Richard Chavez was charged in the district court of Pueblo County with forcible rape and statutory rape under C.R.S. 1963, 40-2-25(1)(b) and (d). The charges arose from an alleged act of sexual intercourse between the defendant and an unmarried seventeen-year-old girl on December 14, 1969, in Pueblo, Colorado.

The jury found Chavez guilty of statutory rape and he was sentenced to the state penitentiary.

The evidence showed that in the early morning hours of that day the prosecutrix voluntarily accompanied the defendant to a vacant house. Once inside, Chavez allegedly insisted that she have sexual intercourse with him. She refused. Thereupon, he allegedly drew a pistol and fired two shots,

one of which struck the prosecutrix in the leg. She then submitted to having intercourse.

Chavez contends three prejudicial errors were committed which require reversal. We disagree and affirm the judgment of conviction.

I.

■ Defendant first asserts that failure of the court to instruct on assault with intent to commit rape, as a lesser included offense of forcible rape, constituted reversible error. The defendant did not request such an instruction, nor did he tender one. He did not raise this point in his motion for new trial. Absent a showing of plain error, it will not be considered by this Court. Crim. P. 30; *Mathis v. People,* 167 Colo. 504, 448 P.2d 633; *Rhodus v. People,* 158 Colo. 264, 406 P.2d 679; *Zeiler v. People,* 157 Colo. 332, 403 P.2d 439.

■ We do not find that the failure to so instruct affected substantial rights of Chavez', and it is therefore not cognizable as plain error. Crim. P. 52(b). First, Chavez was found guilty of statutory rape and not guilty of forcible rape. The question of whether an instruction on assault with intent to rape should have been given is therefore rendered moot. More persuasive, however, is the fact that at trial defendant denied both the assault on the prosecutrix and the commission of the act itself. Because he chose to stand on a complete denial of guilt and did not present evidence which might have supported guilt of the lesser included offense, he cannot now complain because the jury believed the prosecutrix' version of the events. *Hammond v. People,* 161 Colo. 532, 423 P.2d 331. *Cf. Ortega v. People,* 178 Colo. 419, 498 P.2d 1121.

II.

■ Defendant next asserts that his post-arrest admission of his age, made without benefit of counsel and introduced at trial through the testimony of a police officer, amounted to a Sixth Amendment violation. No contemporaneous objection was made to this evidence. The alleged error was not raised in the motion for new trial. It therefore need not be considered on review. *Diebold v. People,* 175 Colo. 96, 485 P.2d 900; *Pine v. People,* 168 Colo. 290, 455 P.2d

868; *Brown v. People,* 158 Colo. 561, 408 P.2d 981. Furthermore, no prejudice could have resulted from this admission, inasmuch as Exhibit L, an advisement form which contained the defendant's age, was admitted into evidence by stipulation. Moreover, defendant testified to his age, without objection, while he was being cross-examined.

### III.

■ Finally, defendant claims error because of the admission of the testimony of Eugene White and Eli Nichovich. Dr. Eugene White was called and testified concerning his examination of the prosecutrix and that a therapeutic abortion was subsequently performed on her. No objection was made to this evidence, nor was error assigned in defendant's motion for a new trial. We will not consider it for the first time on appeal. *Diebold, supra; Pine, supra; Brown, supra.* We note that Dr. White was thoroughly cross-examined by defense counsel and facts favorable to the defendant were elicited from the witness. Defendant will not now be heard to complain because his trial strategy failed.

■ Eli Nichovich, a psychologist, was permitted to testify after an initial objection was withdrawn by defendant. His testimony related to a physical handicap of the prosecutrix which would impair her ability to resist the advances of the defendant. Chavez, in his motion for new trial, and here, contends this testimony had no probative value and was offered solely to invoke the sympathy of the jury, and was therefore prejudicial. We disagree. This evidence was relevant to the ability of the victim to resist the alleged forcible attack upon her. We find no error in its admission.

The judgment is affirmed.

MR. JUSTICE DAY not participating.