No. 24960

## The People of the State of Colorado v. John Bercillio
(500 P.2d 975)

Decided September 11, 1972

384

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Special Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE LEE.

Defendant-appellant, John Bercillio, seeks reversal of his conviction of assault with a deadly weapon in violation of C.R.S. 1963, 40-2-34. We affirm the judgment of conviction.

The charge against appellant arose out of an affray outside

a dance hall in Montrose, Colorado. The record shows that one Jose Morales was stabbed by appellant, who thrust a broken beer bottle into Morales' abdomen. Appellant received a severe cut on his hand, presumably from a pocket knife used by Morales. Appellant's theory of innocence was predicated on self-defense. The jury chose to believe the People's evidence and returned its verdict of guilty. We find no prejudicial error in the trial proceedings.

I.

 The complaining witness, Jose Morales, did not speak the English language and it was necessary for the court to use an interpreter to translate his testimony from Spanish to English. Claim of error is made here, for the first time, that the interpreter used by the court was incompetent. No objection to the interpreter's qualifications was made by defense counsel during trial, and appellant's motion for a new trial made no challenge to the interpreter's qualifications or competency. Defense counsel extensively cross-examined Morales through the interpreter. It is not shown in what manner appellant was prejudiced by the alleged incompetency of the interpreter. We find no circumstance upon which the doctrine of plain error might reasonably be applied in support of appellant's contention, and we therefore will not consider this assignment. Crim. P. 52(b); *Ortega v. People,* 178 Colo. 419, 498 P.2d 1121; *Land v. People,* 171 Colo. 114, 465 P.2d 124; *Lujan v. United States,* 209 F.2d 190 (10th Cir.).

II.

Appellant's second argument for reversal is that the trial court erred in denying his motion for a new trial. The sole ground in support of the motion was that one of the trial jurors, Wilfred Rubalcaba, spoke and understood the Spanish language, whereas the other jurors did not. It was argued that Rubalcaba was therefore able to understand the alleged untranslated colloquy between the interpreter and the complaining witness, Morales, and became possessed of information not available to the other jurors. Appellant contends that Rubalcaba was therefore able to unduly

influence the other jurors in their deliberations.

 The court noted that voir dire examination revealed that the juror, Rubalcaba, knew the appellant, the victim Morales, and also some of the Spanish-American witnesses. In spite of this, no challenge was directed toward Rubalcaba. Rubalcaba spoke and understood Spanish, and appellant was aware of this. The appellant also spoke and understood the Spanish language. We will not presume that the remaining jurors were improperly influenced by Rubalcaba's apparent language advantage under these circumstances. It was appellant's burden to prove any prejudice, if any resulted by reason of Rubalcaba's presence on the jury. No prejudice was here shown. *Moore v. People,* 125 Colo. 306, 243 P.2d 425.

### III.

 Finally, error is predicated upon the court's instruction on self-defense. Appellant did not object to the instruction given, nor did he tender any alternate instruction which he claimed might more adequately set forth the law of self-defense, as is required by Crim. P. 30. This assignment of error is therefore not reversible on appeal unless there was manifest prejudice amounting to plain error. Crim. P. 52(b); *Maes v. People,* 169 Colo. 200, 454 P.2d 792; *Morehead v. People,* 167 Colo. 287, 447 P.2d 215; *Rhodus v. People,* 158 Colo. 264, 406 P.2d 679.

We note that the instruction given was patterned on the statutes relating to self-defense. C.R.S. 1963, 40-2-13, 14 and 15. Although the instruction might have been more artfully composed, we do not find that it improperly stated the law. Counsel argues that it improperly shifted the burden of proof to the defendant. We do not so construe the instruction. Nowhere does it mention burden of proof and we do not read into it the other infirmities appellant would have us do. The jury was properly instructed on the presumption of innocence, burden of proof and reasonable doubt. Taken together as a whole, the instructions fairly and adequately advised the jury of the law in this case. The alleged error predicated on the instructions is without merit.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON concur.