## No. 25579

## The People of the State of Colorado v. Kerry Casey
(521 P.2d 1250)

Decided May 6, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

MR. JUSTICE HODGES delivered the opinion of the Court.

The defendant was convicted of first-degree murder. On appeal, he urges reversal on the ground that the trial court erred in several respects. We find no reversible error and therefore affirm.

The evidence in brief reveals that the defendant and the victim had been drinking at a bar. They left the bar in the victim's automobile. The victim got out of the car on a country road and the defendant got behind the wheel and sped away. He drove a short distance, made a U-turn, and returning at a high rate of speed, struck and killed the victim in a field just off the side of the road. The defendant

contended that he was provoked by a sexual advance; that he only intended to scare the victim; and that he was intoxicated at the time.

I.

The defendant argues that the trial court erred in failing to suppress two statements made by him to investigating police officers. After a hearing on the motion to suppress, the trial court determined that the statements were knowingly and voluntarily made, and accordingly denied the motion to suppress. *Gass v. People,* 177 Colo. 232, 493 P.2d 654 (1972).

The main thrust of the defendant's argument is that he did not make an intelligent waiver of his *Miranda* rights because he was not properly informed that he was under arrest for murder. Prior to the first statement, he was informed that he was under investigation concerning the "vehicular homicide." Prior to the second statement, he was additionally advised that his activities concerning the death of the victim on April 1, 1971 at approximately "104th Avenue and Teller Road" was being investigated.

We have previously held that the interrogating officer may not know the exact charge when the interrogation occurs prior to the formal complaint; nevertheless, it is sufficient if the accused knows the general nature of the crime involved. *People v. Weaver,* 179 Colo. 331, 500 P.2d 980 (1972) and *Carroll v. People,* 177 Colo. 288, 494 P.2d 80 (1972). The record here reveals that from the time of his arrest shortly after the killing, the defendant was fully aware of the nature of the crime involved.

Defendant further argues that Crim. P. 5 (requiring that the accused be taken before the magistrate without undue delay), was not complied with and therefore the statements made prior to his appearance before a county judge on the day following the victim's death, are inadmissible.

Admittedly, the two statements were made prior to his appearance before the magistrate. However, the defendant was taken before the judge on the afternoon following the evening of his arrest. This is not an unreasonable delay and is

clearly distinguishable from the six-day delay which we held unreasonable in *Hervey v. People,* 178 Colo. 38, 495 P.2d 204 (1972).

Furthermore, we have held that even if there was non-compliance with Crim. P. 5, the statements are not automatically invalid. *People v. Weaver, supra.* The purpose of the rule is to insure that the defendant is adequately informed of his rights. Here, the investigating officers twice gave the defendant all the advisements required before he made any statement.

## II.

The defendant contends that he was denied equal protection of the laws because of the impeachment of his testimony by a prior felony conviction which was committed more than five years prior to his court testimony in this case. C.R.S. 1963, 154-1-1 provides for impeachment by felony convictions over five years old in criminal but not in civil cases. We have previously rejected this argument. *Velarde v. People,* 179 Colo. 207, 500 P.2d 125 (1972); *Taylor v. People,* 176 Colo. 316, 490 P.2d 292 (1971); *Lee v. People,* 170 Colo. 268, 460 P.2d 796 (1969). Also, contrary to defendant's assertion, the jury was properly instructed on the limited use of this testimony in Instruction No. 18.

## III.

The defendant states that the trial court erred in admitting into evidence Exhibit H, a photograph of the deceased taken a short time after the killing.

Defendant relies heavily on *Archina v. People,* 135 Colo. 8, 307 P.2d 1083 (1957) in which we held photographs of the deceased inadmissible. Here, defendant argues that the large color photograph of the deceased was highly inflamatory and had little probative value because there was no serious dispute as to the identity of the victim.

We have previously held that unless there is an abuse of discretion, the trial court's decision as to admissibility will not be disturbed on review. *Hinton v. People,* 169 Colo. 545, 458 P.2d 611 (1969). Fully applicable here is our statement in *Carroll v. People, supra,* as follows:

"We do not find the attorney general's argument as to probative value very persuasive. However, we conclude that Exhibit C was not so inflamatory that it would prejudice the jury. None of the three exhibits approaches the horror of those in Archina."

IV.

■ Next, the defendant argues that the evidence was insufficient to support the jury's verdict of first-degree murder. While admitting that the evidence was sufficient to convict him of voluntary manslaughter or second-degree murder, defendant claims that there was no proof of express malice required for a conviction of first-degree murder.

The defendant testified that he was sexually assaulted by the victim and he then hit the victim over the head with a wine bottle. The victim stopped the car, got out and the defendant drove the victim's car away. After turning around, the defendant drove the car off the road at high speed and onto the adjacent field where the victim was walking. All the evidence is strongly indicative of the fact that the defendant aimed the vehicle at the victim and struck him. The defendant did not apply brakes nor did he stop immediately after striking the victim. We hold that the evidence is sufficient to show express malice and to support the jury's verdict. *Hampton v. People,* 171 Colo. 153, 465 P.2d 394 (1970).

V.

■ The defendant maintains that the court erred in giving certain instructions to the jury. Prior to the submission of the instructions to the jury, the defendant objected to Instruction No. 13 which explains intoxication and its effect on the element of specific intent. This instruction is the same instruction given and approved in *Watkins v. People,* 158 Colo. 485, 408 P.2d 425 (1965). In this regard, it is the defendant's position that since intoxication was one of the defendant's theories of defense, the court should have given defendant's tendered instruction regarding intoxication. We have examined Instruction No. 13 and hold that it adequately and properly instructed the jury on this subject in

this case, and that defendant's tendered instruction was correctly rejected.

　　Concerning the other jury instructions which defendant now claims were erroneous, no specific objection was made prior to their submission to the jury as required by Crim. P. 30. Absent plain error, we will not consider these arguments on appeal. Crim. P. 52(b). Instructions should be considered as a whole. *Hinton v. People, supra.* After examining all of the instructions, we do not find plain error in the giving of any of the instructions. Also, we point out that all of the instructions when considered together, present to the jury an adequate and correct guideline on the law to be applied under the facts of this case.

## VI.

　　The defendant argues the district attorney erroneously introduced evidence of possible attempted robbery of the victim by the defendant when there was insufficient evidence to support such a conviction and defendant was not charged with felony murder. No objection was made to this testimony, nor was it alleged as error in defendant's motion for a new trial. We will not consider it for the first time on appeal. *People v. Chavez,* 179 Colo. 316, 500 P.2d 365 (1972). We also take note of the fact that if the theory of robbery was introduced at all as an issue in this case, the defendant further developed it by cross-examination, and in the presentation of his case. As a matter of strategy, it appears that the defendant wanted to show that there was no attempted robbery and therefore there was no motive for murder.

## VII.

　　The defendant urges error in allowing a death qualified jury to be selected in this case. In this respect, the defendant argues that a death qualified jury is conviction prone, and thus, such a jury deprives an accused of a fair trial in violation of the Fourteenth Amendment to the Constitution of the United States. This argument has been considered and rejected by this court in *Carroll v. People, supra,* and *Hampton v. People, supra. See also People v. Maestas,* 183

Colo. 378, 517. P.2d 461 (1973). Defendant states that two recent studies which he cites provides empirical proof that a death qualified jury is more conviction prone. We do not find these studies decisive on the subject. *See People v. Murphy,* 8 Cal. 3d 349, 105 Cal. Rptr. 138, 503 P.2d 594 (1972).

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE does not participate.