The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Robert Mark KELDERMAN, Defendant–Appellant.

No. 79CA0208.

Colorado Court of Appeals, Div. III.

July 17, 1980.

Rehearing Denied Aug. 7, 1980.

Certiorari Denied Oct. 20, 1980.

724

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff–appellee.

Edward Garlington, Jr., La Junta, for defendant–appellant.

KELLY, Judge.

Robert Mark Kelderman appeals his conviction of three counts of aggravated robbery and one count of aggravated robbery of drugs. He argues that the trial court made numerous errors in ruling on the admission of evidence, in instructing the jury, and in denying his post–trial motion. We affirm.

Kelderman and his spouse, Mary, were charged in connection with the robbery of a pharmacy in Rocky Ford. They were both selected from separate photo displays by one of the eyewitnesses and were subsequently arrested in Longmont pursuant to a warrant. Kelderman argues, among other things, that the trial court erred in admitting statements he made while in custody. We disagree.

Kelderman was advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), on April 30, 1978, at about 11:45 p. m. in Longmont. Following the advisement, he made a statement in response to questioning that, on the day of the crime, he and his wife passed through Rocky Ford on their way to La Junta and stopped on Main Street in Rocky Ford where his wife went into the Sunny Side Pharmacy to make a purchase.

At about 1:00 a. m. on May 1, 1978, Kelderman and his wife were placed in a Rocky Ford police vehicle for transportation to Otero County. On entering the car, both were reminded that they had been advised of their rights and warned that they need not make any statements with regard to the crime in question. During the trip, Kelderman declared that he would rather die than go back to prison. Police Chief Lucero commented that they were both young and could start over. Kelderman replied that the chief did not know how terrible it was to come out of prison. Lucero then wondered aloud what caused a person to become involved in drugs. Kelderman said that he had become involved in drugs when his parents started having problems and that he obtained them from the medicine cabinet. In response to a question regarding the type of drugs he used, Kelderman replied that he used pharmacy drugs because they were clean and, during further elaboration, indicated a familiarity with drug use.

The following morning Lucero transported Kelderman from the Otero County Jail to court. On the way, Lucero passed the Sunny Side Pharmacy and pointed to a space where he thought the defendant and his wife might have parked their car while stopping off in Rocky Ford on the day of the crime. The defendant responded that that was not where they had parked the car. He then showed Lucero where the car had actually been parked.

The defendant argues that he should have been fully readvised of his rights prior to the trip from Longmont to Otero County and before the trip from the jail to court. Since he was not so readvised, he argues that his statement made to Lucero should have been suppressed. We disagree.

■ During the trip from Longmont, the defendant was not subjected to express questioning, but rather was engaged in general conversation, none of which referred to the incident in question. The fact that Lucero wondered aloud what made people get involved in drugs was a general statement not likely to elicit an incriminating response. Consequently, since the Keldermans were not interrogated, no additional *Miranda* warnings were required. *See Gass v. People*, 177 Colo. 232, 493 P.2d 654 (1972). *See also, Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).

■ Lucero's question regarding the location of the car on the day of the crime was an express question and constituted an interrogation requiring proper *Miranda* warnings. The information obtained, however, did not materially add to that already properly elicited. Thus, the error was harmless. *See Milton v. Wainwright*, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972).

■ Kelderman challenges the admissibility of his statements on the additional ground that they were the fruits of an illegal arrest because the affidavit in support of the warrant failed to demonstrate probable cause. We disagree. The affidavit filed in support of the application for an arrest warrant indicated that the defendant was identified by an eyewitness as a "possible suspect," that his wife was positively identified, and that the defendant was issued a traffic summons in the vicinity of the pharmacy on the day of the offense. This information demonstrated probable cause to believe that the defendant committed the crime in question. *See Gonzales v. People*, 156 Colo. 252, 398 P.2d 236 (1965).

Kelderman also challenges the arrest warrant and its execution on the basis that the officers involved failed to comply with the requirements of Crim.P. 4. Again, we disagree.

Crim.P. 4 governs the procedures when the action has been commenced by the filing of a felony complaint. Here, there was no felony complaint. Kelderman was arrested pursuant to Crim.P. 4.2 which is a codification of *Colo.Const.* Art. II, Sec. 7. Since the warrant described the person to be arrested and was supported by a written affidavit demonstrating probable cause, the procedures followed were sufficient. *See Colo.Const.* Art. II, Sec. 7.

■ Kelderman contends further that the trial court erred in failing to give the instruction he requested regarding the credibility of paid police informants. We disa-

gree. Colorado courts have addressed many requests for special credibility instructions for a special class of witnesses. The trend has been to rule that a general instruction on witness credibility, like the one given here, is sufficient. *See, e. g., People v. Estorga*, Colo., 612 P.2d 520 (announced June 9, 1980) (victim of sexual assault on a child); *People v. Cunningham*, 194 Colo. 198, 570 P.2d 1086 (1977) (child); *People v. Palumbo*, 192 Colo. 7, 555 P.2d 521 (1976) (eyewitness); *Luna v. People*, 170 Colo. 1, 461 P.2d 724 (1969) (expectation of leniency by witness as motive).

 Kelderman's challenge to the admission of the photo display lacks merit because the ruling of the trial court is supported by *People v. District Court*, Colo., 607 P.2d 989 (1980) and *Huguley v. People*, 195 Colo. 259, 577 P.2d 746 (1978). Further, his challenge to the evidence of a subsequent drug transaction also lacks merit since the jury was properly instructed to consider the evidence only for the issues of intent or motive. *See Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959).

We have reviewed Kelderman's other arguments and find them to be without merit.

Judgment affirmed.

RULAND and BERMAN, JJ., concur.