The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Douglas Gene OLIVER, Defendant-Appellant.

No. 81CA1015.

Colorado Court of Appeals, Div. III.

March 3, 1983.

Rehearing Denied March 24, 1983.

Certiorari Denied June 6, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Dolores Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Deborah S. Waldbaum, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Douglas Gene Oliver, appeals his jury conviction of second degree sexual assault, a violation of § 18–3–403(1)(e), C.R.S.1973 (1978 Repl.Vol. 8). We affirm.

Defendant contends that the trial court erred by refusing to give defendant's tendered instruction on the failure of the complaining witness, who was the mother of the victim, to report the sexual assault of her daughter at the earliest opportunity. We do not agree.

The trial court refused to give the jury defendant's instruction which stated:

"The failure of a complaining witness to report the assault at the earliest possible moment is a circumstance that discredits

the testimony of the party alleged to have been outraged."

■ Evidence that the victim of a sexual assault failed to make a complaint soon after the crime is admissible as a circumstance which tends to discredit that person's testimony. *Padilla v. People,* 156 Colo. 186, 397 P.2d 741 (1964). Here, the defendant was allowed to question the complainant concerning her delay of four days in reporting the sexual assault on her daughter, and was allowed to argue to the jury the inferences which could be drawn from this evidence.

■ Even if we assume that the rule allowing evidence of a victim's delay in reporting a sexual offense applies to a non-victim complainant, we conclude that the trial court correctly declined to give the instruction. Requests for special credibility instructions for a special class of witnesses are generally denied because a general instruction on witness credibility, as given here, is sufficient. *People v. Estorga,* 200 Colo. 78, 612 P.2d 520 (1980); *People v. Kelderman,* 44 Colo.App. 487, 618 P.2d 723 (Colo.App.1980). We agree with the Minnesota Supreme Court that:

> "Although failure to complain promptly might in some cases bear on the issue of whether a sexual assault occurred, and although defense counsel is always free to argue the significance of any failure to complain promptly, we are acutely aware that there are often reasons which have nothing to do with guilt or innocence which explain a sexual assault victim's failure to complain immediately. We therefore do not intend to require or encourage trial courts in a case such as this to give an instruction such as that requested by defense counsel." *State v. Owens,* 304 N.W.2d 916 (Minn.1981).

Judgment affirmed.

VAN CISE and KIRSHBAUM, JJ., concur.