The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Thomas Edward LILLIE, Defendant-Appellant.

No. 82CA1262.

Colorado Court of Appeals, Div. I.

June 6, 1985.

Rehearing Denied June 27, 1985.

Certiorari Denied Oct. 21, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Diana L. DeGette, Deputy State Public Defender, Duane M. Kline, III, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Thomas Edward Lillie, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of theft of more than $200 but less than $10,000. We affirm.

## I.

The defendant contends the trial court erred in refusing to give his tendered instruction on complicity. He argues that the instructions as given deprived him of

his right to be protected from a conviction except upon proof beyond a reasonable doubt. We disagree.

The defendant tendered a jury instruction similar to *COLJI-Crim.* No. 6:04 (1983) in that it set forth the elements which must be proven to establish complicity and it stated that the prosecution must prove these factors beyond a reasonable doubt. The trial court gave an instruction couched in the language of the statute defining complicity. *See* § 18–1–603, C.R.S. (1978 Repl. Vol. 8). This instruction omitted the reasonable doubt language but did not instruct on any lesser burden of proof. The trial court did give a general reasonable doubt instruction and reminded the jury of that standard during the elemental instructions.

 In determining the propriety of any one instruction, the instructions must be considered as a whole, and if the instructions as a whole properly instruct the jury, then there is no error. *People v. Casey,* 185 Colo. 58, 521 P.2d 1250 (1974); *People v. Green,* 658 P.2d 281 (Colo.App.1982). Generally, an instruction given in the language of the statute is sufficient to inform the jury of the law. *People v. R.V.,* 635 P.2d 892 (Colo.1981).

 Here, the instruction given in the language of the statute, read together with the court's general reasonable doubt instruction, was sufficient to instruct the jury properly. The trial court did not err in refusing the defendant's tendered instruction.

## II.

We also disagree with the defendant's next contention that the trial court erred in denying his motions to suppress.

Pursuant to arrest and search warrants issued in an unrelated burglary and aggravated robbery case, police officers entered a west Denver residence and arrested defendant and two other persons. While in the process of apprehending the defendant, officers noticed the house was in a state of disarray and there were numerous television sets and other valuable items stacked randomly throughout the house. Some of these items were seized by the police.

Although it found that the search warrant obtained by the officers was defective, the trial court upheld the seizure of the items in question pursuant to the plain view exception to the warrant requirement. The court found the arrest warrants were properly issued; thus, the officers were legitimately on the premises to arrest defendant and the other two persons named in the warrants.

The officers testified that they seized one of the items belonging to the victim when inspection of the item revealed that the serial number had been removed. Despite this testimony, the court found the discovery of the items was inadvertent because there was no evidence that police went into any hidden areas or opened any drawers, doors, or closets to find the items.

The court also found that, although the items seized were not intrinsically illegal, the officers had probable cause to believe that the items discovered on the premises were stolen.

 Although warrantless searches and seizures are presumptively invalid, *People v. Reynolds,* 672 P.2d 529 (Colo.1983), one exception to this general rule is when the evidence to be seized is in plain view. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *People v. Reynolds, supra.*

 The plain view doctrine applies when the officers are lawfully on the premises, the evidence is discovered inadvertently, and the officer has present knowledge of facts that establish a nexus between the article to be seized and criminal behavior. *See Coolidge v. New Hampshire, supra; People v. Berow,* 688 P.2d 1123 (Colo.1984); *People v. Reynolds, supra.* But, the criminal behavior need not relate to the criminal activity that brought the officers onto the premises. *People v. Franklin,* 640 P.2d 226 (Colo.1982). And, in resolving a plain view issue involving noncontraband evidence, the trial court may consider whether the quantity and placement of items seized

were such that the property obviously was not on the premises for ordinary use. *People v. Franklin, supra.*

■ Here, the officers were legitimately on the premises pursuant to a validly issued arrest warrant. They came upon the items seized that were either lying in piles on the floor or otherwise out in the open. The items, though not illegal in and of themselves and not related to the arrest warrant executed by the officers, had sufficient indicia of being stolen to justify their seizure. The court properly considered the following facts that were known to the officers to conclude the items were properly seized: (1) the disarray of the residence, (2) the character and variety of the items lying in piles on the floor, and (3) the fact that a rifle found in its shipping case contained an address label that did not match the name or address of any of the persons known to occupy the residence. Given the totality of the circumstances, the trial court did not err in denying defendant's motion to suppress.

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.